483 So.2d 1 (1985)
Robert Lee THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1986.
District Court of Appeal of Florida, Second District.
May 10, 1985.
On Motion for Rehearing August 9, 1985.
Second Rehearing Denied September 17, 1985.
James Marion Moorman, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
On Motion for Rehearing En Banc August 9, 1985.
PER CURIAM.
Affirmed.
RYDER, C.J., and SCHEB and HALL, JJ., concur.

ON MOTION FOR REHEARING EN BANC
PER CURIAM.
Although Appellant Robert Lee Thompson's motion for rehearing en banc fails to comply with Florida Rule of Appellate Procedure 9.331(c)(1), we treat the motion as a motion for rehearing. See Havener v. Havener, 473 So.2d 708 (Fla. 2d DCA 1985).
In his motion Defendant Thompson asserts that this court overlooked the fact that in sentencing him points for victim injury were erroneously scored under the sentencing guidelines. We agree.
Defendant was convicted of carnal intercourse with an unmarried female under the age of eighteen years in violation of section 794.05, Florida Statutes (1983). The evidence at trial revealed that when the victim, defendant's stepdaughter, was about eight years old, the defendant began fondling her. This behavior culminated in sexual intercourse when the victim was approximately eleven years old. As a result of the sexual relations with her stepfather, the victim became pregnant at the age of fourteen, eventually giving birth to a son.
Defendant received a total of 386 points on the guidelines scoresheet, placing him in the twelve-to-seventeen years recommended incarceration range. Eighty-five of those points were assessed for serious injury to the victim. Defendant objected to this particular point assessment. On August 27, 1984, the trial judge sentenced defendant to fifteen years in prison.
Since victim injury is not an element of the offense of carnal intercourse, see section 794.05, the trial court erred in *2 assessing the eighty-five points. Cannada v. State, 472 So.2d 1296 (Fla. 2d DCA 1985); see also Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); Hendry v. State, 460 So.2d 589 (Fla. 2d DCA 1984); Toney v. State, 456 So.2d 559 (Fla.2d DCA 1984). This error was harmful because it placed defendant in a higher category than if the points were not assessed. Absent their assessment, defendant's total points would have been 301, placing him in the seven-to-nine year incarceration range.
Accordingly, we grant defendant's motion for rehearing only to the extent that we vacate his sentence and remand for resentencing. We adhere to our affirmance of defendant's conviction. While points for victim injury may not be included on the scoresheet, physical or mental trauma of the victim may be cited as a reason for departure from the guidelines. Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). On remand, the trial judge may consider whether there are clear and convincing reasons to deviate from the sentencing guidelines provided the dictates of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), are followed.
RYDER, C.J., and SCHEB and HALL, JJ., concur.