PER CURIAM.
Pursuant to subsection 921.001(4)(b), Florida Statutes (1983), the Sentencing Guidelines Commission presented to this Court proposed amendments to Florida Rules of Criminal Procedure 3.701 and 3.988. After considering the commission’s proposals, we adopted some of them, modified and then adopted others, and rejected still others in an opinion filed April 2, 1987.[1] The legislature considered sentencing guidelines in its 1987 regular session and specifically adopted two parts of our *1089 April 2 opinion.[2] The legislature rejected the other recommendations made in that opinion, and we hereby withdraw it except for parts III and VI, which we include herein.
III.
This requested change relates to amending the definition of prior record to include misdemeanor convictions for violating local ordinances that are also violations of state statutes. This is reasonable, and we approve it.
VI.
The next issue to be considered relates to victim injury. The present guidelines score physical victim injury if that injury is an essential element of the crime for which the defendant is convicted. They exclude nonphysical injury and physical injury if the injury is not an element of the crime. The commission recommends that victim injury be scored whether or not it is an element of the crime if, in fact, injury occurred during the offense which led to the conviction. It also seeks to include psychic as well as physical trauma in victim injury.
We see merit in scoring physical injury if a defendant physically injures the victim of the offense during the course of a criminal episode, regardless of whether the injury is an element of the crime, but do not believe it wise to extend the definition of injury to include psychic injury. There are too many variables and too many subjective factors to score psychic injury objectively. This type of injury has been recognized as a legitimate ground for departure in some circumstances; it is better to allow psychic injury as a consideration for departure in appropriate cases than to enter the jungle of confusion by attempting to quantify psychic victim injury. Additionally, we feel it is appropriate for victim injury to be scored for each victim injured during a criminal episode. We therefore amend rule 3.701.-d.7 to read: “Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.”
The legislature also adopted numerous amendments to section 921.001. We have not considered those amendments and make no ruling as to their validity in this opinion.
The amendments to rule 3.701 are appended to this opinion and will be effective at 12:01 a.m., July 1, 1987.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion.
Paragraph d.5.a) of rule 3.701 is amended as follows:
5. a) “Prior record” refers to any past criminal conduct on the part of the offender, resulting in conviction, pri- or to the commission of the primary offense. Prior record includes all prior Florida, federal, out-of-state, military, and foreign convictionsr, as well as convictions for violation of municipal or county ordinances that bring within the municipal or county code the violation of a state statute or statutes.
Paragraph d.7 of rule 3.701 is amended as follows:
7. Vietim-injury- shall be scored if it is an-element-of any offenses at convio-⅜0⅛ Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.
Paragraph (d)(7) of the committee note to rule 3.701 is amended as follows:
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical *1090 trauma. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored, only when the defendant is convicted of an offense (scored as either primary or additional-offense)-which includes physical impact-or contact. — Vie-tim injury is-to-be scored for each victim for whom the defendant is convicted of injuring and is limited to -physical-trau-ma

. The Court accepted the following proposals: 1) increasing the points for burglaries; 2) redefining "prior record” to include misdemeanor convictions for violating local ordinances that are also violations of state law; and 3) expanding a cell and adopting an additional factor to be scored as tools to fight the use of "crack" cocaine. The Court modified and then adopted the commission's proposals regarding scoring victim injury, both physical and psychic, and regarding widening the cells in all categories. The Court rejected 1) reducing the level of proof needed to support reasons for departure; 2) sustaining a departure sentence where at least one of multiple reasons for departure is valid; 3) revising the committee note regarding habit- *1089 tial offenders; and 4) abolishing appellate review of departures.

. CS for SBs 35, 437, 894, and 933, § 1.