GLICKSTEIN, Judge,
concurring in part and dissenting in part.
I concur that the order of restitution should be affirmed but also am of the view *1115 that the departure here from the guidelines was legally supportable.
PHYSICAL INJURY
Florida Rule of Criminal Procedure 3.988(f) scores victim physical injury as none (0), slight (3), moderate (6) and death or severe (9), but only if the physical injury was an element of the crime. The injury here was not an element of the crime. It would seem logical that if “slight”, “moderate” and “severe” injury could have been scored if an element of the crime, “slight”, “moderate” or “severe” injury could similarly have been a basis for departure if not an element. Yet another panel of this court, saying it could find no authority for doing otherwise, would not recognize “slight” injury — not an element of the crime — as a basis for departure. See Smith v. State, 484 So.2d 649 (Fla. 4th DCA 1986). I assume the trial judge here was aware of Smith. He called the injury “moderate”, not “slight”, and I conclude there is no reason for this court to view it otherwise. In my opinion, the trial judge correctly departed from the guidelines on the question of physical injury.
For the information of the bar and bench, mention is made of the Supreme Court’s decision in Florida Rules of Criminal Procedure re Sentencing Guidelines (rules 3.701 and 3.988), 509 So.2d 1088 (Fla.1987) which specifically deals with the question of how physical injury per se, is to be scored in the future. Encompassed in that opinion is the following—
VI.
The next issue to be considered relates to victim injury. The present guidelines score physical victim injury if that injury is an essential element of the crime for which the defendant is convicted. They exclude nonphysical injury and physical injury if the injury is not an element of the crime. The commission recommends that victim injury be scored whether or not it is an element of the crime if, in fact, injury occurred during the offense which led to the conviction. It also seeks to include psychic as well as physical trauma in victim injury.
We see merit in scoring physical injury if a defendant physically injures the victim of the offense during the course of a criminal episode, regardless of whether the injury is an element of the crime, but do not believe it wise to extend the definition of injury to include psychic injury. There are too many variables and too many subjective factors to score psychic injury objectively. This type of injury has been recognized as a legitimate ground for departure in some circumstances; it is better to allow psychic injury as a consideration for departure in appropriate cases than to enter the jungle of confusion by attempting to quantify psychic victim injury. Additionally, we feel it is appropriate for victim injury to be scored for each victim injured during a criminal episode. We therefore amend rule 3.701.d.7 to read: “Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.”
Furthermore the opinion states:
Paragraph (d)(7) of the committee note to rule 3.701 is amended as follows:
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored,
(emphasis omitted). Future departure cases will be governed by Chapter 87-110, Section 2, Laws of Florida, which inserts new subsection (7) of section 921.001, Florida Statutes, providing as follows:
A court may impose a sentence outside the guidelines when credible facts proven by a preponderance of the evidence demonstrate that the victim suffered excessive physical or emotional trauma at the hands of the defendant. Such departure is not barred because victim injury has *1116 been utilized in the calculation of the guidelines sentence.
(emphasis added).
PSYCHOLOGICAL INJURY
In State v. Rousseau, 509 So.2d 281 (Fla. 1987), the Supreme Court implicitly said that psychological trauma which is different from that which usually results from being a victim of the charged crime is a basis for departure. Here, the victim was not only robbed but was struck in the face and suffered an adverse reaction to the defendant’s subsequent communication with her. The trial judge described the result as “[mjoderate victim injury which includes permanent or severe physical and psychological scarring and injury.” I see no reason for disapproval of this trauma as a basis for departure when terror was so recognized in Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), approved, 477 So.2d 565 (Fla.1985) and Green v. State, 455 So.2d 586 (Fla.2d DCA 1984), although there was no mention in those cases of permanency or of physical injury.
As for the future, departure cases will be determined by the 1987 legislation and Rousseau.