PETERSON, Judge.
Marcus E. Karchesky invoked Rule 3.800(a), Florida Rules of Criminal Procedure, and requested that the trial court recalculate the points scored under his Category 2 sentencing guideline scoresheet. Karchesky requested the elimination of 120 points scored for victim injury upon his conviction of three counts of unlawful carnal intercourse with an unmarried person under the age of 18 years in violation of section 794.05, Florida Statutes (1985). The trial court denied the request, indicating that the victim injury had been scored over the objection of Karchesky’s defense attorney and that the issue should have been raised in the appeal taken before the Rule 3.800(a) motion was filed. Although Karchesky had initiated two previous appeals before this court (including appeal of his sentence), he never raised the issue of whether victim injury can be scored under section 794.05. Karchesky v. State, 534 So.2d 413 (Fla. 5th DCA 1988); Karchesky v. State, 509 So.2d 403 (Fla. 5th DCA 1987). We affirm.
Before the victim injury points can be considered, Karchesky must first overcome the hurdle of whether Rule 3.800(a) is the proper vehicle for correction of his sentence. In his second appeal, he specifically appealed his sentences but failed to raise the scoresheet issue. In Moses v. State., 538 So.2d 473 (Fla. 5th DCA), rev. denied, 545 So.2d 1368 (Fla.1989), this court ruled that, when a defendant’s sentence has been affirmed on direct appeal, the trial court's reasons for departure may not later be attacked collaterally under Rule 3.800(a). Shortly after the Moses decision, this principle was reinforced in Dowling v. State, 545 So.2d 521 (Fla. 5th DCA 1989). Dowl-ing also categorized the rule as discretionary. Neither of the cases appears to involve issues of scoresheet computations.
The First District reversed a trial court’s summary denial of a post-conviction motion for relief based upon various scoring errors under the sentencing guidelines in Chaplin v. State, 473 So.2d 842 (Fla. 1st DCA 1985), approved, 490 So.2d 52 (Fla.1986). The defendant’s earlier direct appeal did not raise the issue of sentencing guideline errors. The error was first raised in a motion for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, which led to the trial judge’s denial on the grounds that a sentencing error under the guidelines should be raised on direct appeal. The supreme court approved the result reached by the district court, avoiding any discussion or reference to. Rule 3.850. The court indicated that Rule 3.800(a) was dispositive of the issue before them of whether a computational error in a sentencing guideline scoresheet may be raised on a motion for post-conviction relief where the error was not raised on direct appeal. State v. Chaplin, 490 So.2d 52 (Fla.1986). The court noted that the language of Rule 3.800(a) specifically allows the trial court to correct at any time a computational error in a scoresheet and agreed with the district court’s conclusion that the respondent was entitled to have his scoresheet calculated properly.[1]
In the instant case, the trial court gave as its reason for not entertaining the Rule 3.800 motion Karchesky’s failure to raise the issue on his prior appeal. The failure to raise the issue on direct appeal does not seem to be an obstacle under Chaplin, but if the issue is raised on appeal, another later opportunity should not be available under Rule 3.800(a).
Although Karchesky prevails on his choice of Rule 3.800(a) for the purpose of bringing the alleged scoresheet error to the *82 attention of the court, we do not find error in the award of 120 points for victim injury. The commission of the crime of unlawful intercourse with an unmarried person under the age of 18 years necessarily requires physical contact and penetration. The version of Rule 3.701(d)(7), Florida Rules of Criminal Procedure, in effect at the time of the commission of the offenses, required that “[vjictim injury shall be scored if it is an element of any offenses at conviction.” The committee notes to the amendment of Rule 3.701(d)(7) stated: “This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored either as primary or additional offense) which includes physical impact or contact” (emphasis added). See The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984), as adopted by Laws 1984, Ch. 84-328, § 1. Part V of the Category 2 score-sheet specifies 20 points for contact but no penetration and 40 points for penetration or slight injury. Since Karchesky was found guilty of three counts of unlawful intercourse, 120 points were properly imposed.
We acknowledge that this decision directly conflicts with the Second District’s decision in Thompson v. State, 483 So.2d 1 (Fla. 2d DCA 1985), and we, therefore, certify the following question to the supreme court:
WHETHER POINTS MAY BE ASSESSED FOR PENETRATION UNDER VICTIM INJURY IN CALCULATING THE SENTENCING GUIDELINES SCORESHEET FOR “CATEGORY 2: SEXUAL OFFENSES” FOR A CONVICTION OF THE OFFENSE OF CARNAL INTERCOURSE WITH AN UNMARRIED PERSON UNDER THE AGE OF 18 YEARS, SECTION 794.05, FLORIDA STATUTES.
AFFIRMED.
COBB and GRIFFIN, JJ., concur.

. Rule 3.800(a) provides: "A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet.”