586 So.2d 1311 (1991)
Emory W. McGOWAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-208.
District Court of Appeal of Florida, Fifth District.
October 3, 1991.
*1312 Emory W. McGowan, Crestview, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
McGowan appeals from the summary denial of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. We opt to treat this cause as a motion for relief pursuant to Florida Rule of Criminal Procedure 3.800(a). Because there are two apparent errors in appellant's sentencing guidelines scoresheet, we remand for an evidentiary hearing and possible resentencing. McGowan's other claims are without merit.
The appellant pled guilty, pursuant to a plea bargain accepted by the trial court, to two counts of sexual activity with a child by a person in familial or custodial authority.[1] The plea agreement stipulated that McGowan would be sentenced within the sentencing guidelines range. All parties initially understood the range was seven to nine years (recommended range).
By the time of the sentencing hearing, for reasons not revealed in the record before us, the parties believed the recommended guidelines range was twelve to seventeen years. The trial judge expressed concern about the sentence exceeding what had been anticipated by the plea bargain. McGowan's lawyer agreed to proceed with sentencing in the higher range. The court sentenced McGowan to twelve years on Count I to be followed by five years probation on Count II. No direct appeal was taken.
There are two apparent scoresheet errors in this case. First, McGowan asserts, without contradiction by the record, that there was only one episode of sexual battery on the sole victim. Nevertheless, the trial court scored forty points for one penetration and forty points for another. Florida Rule of Criminal Procedure 3.701d.7. provides that "Victim injury *1313 shall be scored for each victim physically injured during a criminal episode or transaction." This has been interpreted to mean that only a single score for victim injury to one victim should be assessed for one episode even if the defendant inflicted more than one sexual battery upon that victim during the episode. Carter v. State, 573 So.2d 426 (Fla. 5th DCA 1991); Gordon v. State, 575 So.2d 736 (Fla. 4th DCA 1991); Weekley v. State, 553 So.2d 239 (Fla. 3d DCA 1989). Thus McGowan's scoresheet should have included only forty points for victim injury unless portions of the record not yet presented to this court show that two or more separate episodes occurred.
Secondly, the record does not refute McGowan's allegation that the scoresheet also incorrectly included thirty points for legal constraint at the time of the offense. Where no evidentiary hearing has been held on claims raised in a motion for post-conviction relief, we must treat the movant's allegations as true except to the extent that they are conclusively rebutted by the record.[2] "When a trial court summarily denies a motion for post-conviction relief without holding an evidentiary hearing or attaching portions of the record to refute the allegations, review is limited to determining whether, accepting the allegations as true, the motion shows that the defendant is not entitled to relief." Debose v. State, 580 So.2d 638, 639 (Fla. 5th DCA 1991).
We cannot say that the errors in this case were harmless. The scoresheet relied upon by the trial court at sentencing totalled 379 points, placing the appellant in the 12-17 year recommended range (9-22 year permitted range). Subtracting the 30 legal constraint points leaves a total of 349 points, dropping the appellant to the next cell  9-12 year recommended range (7-17 year permitted range). Subtracting the 40 victim injury points results in a final total of 309 points, dropping another cell to the 7-9 year recommended range (5 1/2-12 year permitted range).
Although the order denying the Rule 3.850 motion noted that the appellant "could" have been sentenced to 12 years after dropping a cell with the deduction of the legal constraint points, that sentence would have been at the top of the recommended range.[3] When the appellant is dropped yet another cell to the proper cell, his 12 year sentence is three years above the top of the recommended range and is the highest possible sentence in the permitted range.
The trial judge, who expressed concern that the plea bargain had been based on an understanding that the sentence would be in a lower guidelines range, had been prepared to sentence the appellant in the 7-9 year range. Believing a higher recommended range to be applicable, he chose a sentence at the bottom of that recommended range. It is highly unlikely that the trial judge would have sentenced McGowan at the outside limit of the permitted range if he had been provided with a scoresheet which correctly placed appellant in the 7-9 year recommended range. The record in this case strongly indicates that the appellant is serving a longer sentence than he would have received had the scoresheet been correct.
The state argues that McGowan is procedurally barred from raising these claimed errors with a motion filed pursuant to Rule 3.850 because the claims could have been raised on direct appeal. Rule 3.850 "does not authorize relief based upon grounds which could have or should have been raised at trial,[4] and, if properly preserved, on direct appeal of the judgment *1314 and sentence." Fla.R.Crim.P. 3.850. That provision is often paraphrased as, "Issues which could have been raised on appeal cannot be raised in a Rule 3.850 motion." That is somewhat misleading because errors which could not have been raised on appeal because not preserved by objection are nevertheless also barred from Rule 3.850 review. In other words, failure to object in the trial court to an alleged error, with consequent inability to raise the error on direct appeal, is as much a bar to raising the error in a Rule 3.850 motion as failure to raise on appeal an error which was preserved for review by contemporaneous objection, or simply failing to take an appeal.
In Smith v. Dugger, 565 So.2d 1293, 1295 (Fla. 1990), the supreme court stated that "issues that should have been raised on appeal (had they been preserved where necessary)" are procedurally barred from being raised in a Rule 3.850 motion. See also Straight v. State, 488 So.2d 530 (Fla. 1986) ("... matters that could have been remedied by objection at trial and argument on appeal may not be considered by means of a rule 3.850 motion."); Groover v. State, 489 So.2d 15 (Fla. 1986) (prosecutorial statements which were not objected to at trial and were therefore not raised on direct appeal are barred from being raised on a motion for post-conviction relief unless fundamental error); Bundy v. State, 490 So.2d 1258 (Fla. 1986) (matter known to defendant at trial, which therefore could have been raised at trial and on appeal, cannot be raised in motion for post-conviction relief).
In this case, McGowan did not take a direct appeal. Had he done so, based on this court's holding in Waldon v. State, 483 So.2d 101 (Fla. 5th DCA 1986), we would have required him to pursue other post-conviction relief channels. In Waldon, the defendant appealed, claiming that he had been sentenced based on improper scoring of his prior criminal record. We held his correct remedy was not an appeal (because an appellate court does not have jurisdiction to entertain an appeal from a guilty plea unless the appellant has first moved in the trial court to withdraw the plea), but rather a Rule 3.850 motion to vacate or a motion to withdraw his plea. Similarly in this case, McGowan pled guilty, and there is no indication that he moved the trial court to withdraw his plea.
However, relief for sentencing errors like those in this case can be granted pursuant to Rule 3.800(a). Rule 3.800(a) provides: "A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guidelines scoresheet." We can treat McGowan's application for relief as having been brought pursuant to Rule 3.800(a), if the sentencing errors are such that make his sentence "illegal", whether or not the errors could have been raised by a direct appeal.[5]Brown v. State, 508 So.2d 522 (Fla. 2d DCA 1987). In Brown, the court held that a sentence based on a scoresheet which improperly included points for victim injury was an "illegal" sentence. The court said that the defendant's Rule 3.850 motion which had raised the issue, "generates a question of law which may be raised at any time free from a requirement that the error be preserved by a contemporaneous objection or presented in an appeal. Fla.R.Crim.P. 3.800(a)." Id.
Similarly, we held in Karchesky v. State, 568 So.2d 80 (Fla. 5th DCA 1990), that a defendant could raise the issue of erroneous scoring of victim injury points on a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a) even though the defendant had initiated two previous appeals, including an appeal of his sentence, without raising the issue. Our Karchesky decision relied in part on Carter v. State, 561 So.2d 1285 (Fla. 5th *1315 DCA 1990). Carter was an appeal from the denial of a rule 3.800 motion to correct an illegal sentence. In Carter, we quashed a sentence which had been based on a scoresheet in which the trial court had erroneously added 80 points for victim injury.[6]
Accordingly, we remand with instructions that the trial court treat this motion as one for relief pursuant to Rule 3.800(a). Based on this record, it should hold an evidentiary hearing and then, depending on its determinations, either resentence the appellant using a corrected scoresheet or, if the claims regarding legal constraint and victim injury points are once more denied, attach to the order those portions of the files and records of the case which conclusively show that the appellant is entitled to no relief.
REVERSED AND REMANDED.
GOSHORN, C.J., and COWART, J., concur.
NOTES
[1] § 794.041(2)(b), Fla. Stat. (1989).
[2] See Harich v. State, 484 So.2d 1239, 1241 (Fla. 1986); Davis v. State, 571 So.2d 118 (Fla. 5th DCA 1990); Joseph v. State, 540 So.2d 260, 261 (Fla. 5th DCA 1989).
[3] The order did not take into account the need to deduct 40 victim injury points.
[4] Sentencing errors are, of course, not literally raised "at trial", but it seems to have been commonly assumed that "at trial" includes plea and sentencing hearings.
[5] See Martin v. State, 525 So.2d 901 (Fla. 5th DCA 1987); Brown v. State, 510 So.2d 1150 (Fla. 1st DCA 1987); DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981).
[6] See also Morales v. State, 554 So.2d 662 (Fla. 3rd DCA 1990), which reversed the trial court's order denying the defendant's Rule 3.850 motion. As in this case, Morales argued he had been improperly scored for being under legal constraint. The appellate court remanded the case for resentencing under a recalculated scoresheet where the original scoresheet had erroneously added thirty points for legal constraint.