591 So.2d 930 (1992)
Marcus E. KARCHESKY, Petitioner,
v.
STATE of Florida, Respondent.
No. 76907.
Supreme Court of Florida.
January 16, 1992.
*931 James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
We have for review Karchesky v. State, 568 So.2d 80 (Fla. 5th DCA 1990), in which the Fifth District held that the commission of the crime of unlawful intercourse with an unmarried person under the age of eighteen years necessarily requires physical contact which allows, in every instance, victim-injury points to be assessed in calculating the sentencing guideline scoresheet for this offense. The Fifth District acknowledged conflict with Thompson v. State, 483 So.2d 1 (Fla. 2d DCA 1985), and certified the following question as being of great public importance:
WHETHER POINTS MAY BE ASSESSED FOR PENETRATION UNDER VICTIM INJURY IN CALCULATING THE SENTENCING GUIDELINES SCORESHEET FOR "CATEGORY 2: SEXUAL OFFENSES" FOR A CONVICTION OF THE OFFENSE OF CARNAL INTERCOURSE WITH AN UNMARRIED PERSON UNDER THE AGE OF 18 YEARS, SECTION 794.05, FLORIDA STATUTES.
Karchesky, 568 So.2d at 82. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the question in the negative, approve Thompson, and remand this case for resentencing consistent with this decision.
In this case, Marcus E. Karchesky was tried and convicted under section 794.05, Florida Statutes (1985), of three counts of unlawful carnal intercourse with an unmarried person under eighteen years of age. No evidence of any physical injury or trauma to the victim caused by the defendant during the intercourse was presented. In calculating Karchesky's sentencing guideline scoresheet, the trial court assessed victim-injury points for each count of the conviction based on penetration during intercourse, regardless of the fact that no physical injury or trauma from the penetration was shown. The Fifth District, in upholding the assessment of victim-injury points, stated that
[t]he commission of the crime of unlawful intercourse with an unmarried person under the age of 18 years necessarily requires physical contact and penetration. The version of Rule 3.701(d)(7), Florida Rules of Criminal Procedure, in effect at the time of the commission of the offenses, required that "[v]ictim injury shall be scored if it is an element of any offenses at conviction." The committee notes to the amendment of rule 3.701(d)(7) stated: "This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored either as primary or additional offense) which includes physical impact or contact."
Karchesky, 568 So.2d at 82.
In Thompson, the Second District Court of Appeal took a contrary view and, in considering the assessment of points for victim injury for an identical offense, stated: "Since victim injury is not an element of the offense of carnal intercourse, see section 794.05, the trial court erred in assessing the eighty-five points." 483 So.2d at 1-2. The district court explained that "[w]hile points for victim injury may not be included on the scoresheet, physical or mental trauma of the victim may be cited as a reason for departure from the guidelines." Id. at 2.
Florida Rule of Criminal Procedure 3.701(d)(7), prior to July 1, 1987, read as follows: "Victim injury shall be scored if it is an element of any offenses at conviction." The committee note for this rule read as follows:

*932 (d)(7) This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma.

(Emphasis added.) In a decision explaining this rule, we stated: "The present guidelines score physical victim injury if that injury is an essential element of the crime for which the defendant is convicted. They exclude nonphysical injury and physical injury if the injury is not an element of the crime." Florida Rules of Criminal Procedure, 509 So.2d 1088, 1089 (Fla. 1987) (emphasis added).
The above rule was amended by this Court effective July 1, 1987, to read as follows: "Victim injury shall be scored for each victim physically injured during a criminal episode or transaction."[1]Id.
The committee note was amended to read as follows:
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored.
Id. (emphasis added). The Karchesky decision of the Fifth District Court of Appeal justified the assessment of victim-injury points by utilizing that part of the original committee note stating that points could be assessed for victim injury only if the injury was an essential element of the crime. 568 So.2d at 82. In its view, the offense of unlawful intercourse with an unmarried person under the age of eighteen years by its nature "includes physical impact or contact." Id. The district court emphasized the word "contact," but apparently did not consider the immediate succeeding sentence in the original committee note which provided: "Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma." Fla.R.Crim.P. 3.701(d)(7) (1985) (committee note to section (d)(7)) (emphasis added). As noted, the subsequent amendment to the committee note eliminated the clause "which includes physical impact or contact," but maintained the direction that the "injury ... is limited to physical trauma." 509 So.2d at 1089-90. The commission, in requesting this Court to amend the rule, requested the Court to include psychic as well as physical trauma as victim injury for which points may be assessed. We rejected this request in our 1987 decision, stating that we "do not believe it wise to extend the definition of injury to include psychic injury. There are too many variables and too many subjective factors to score psychic injury objectively." Id. at 1089. However, we did note that in some cases psychic injury could be appropriately considered as a legitimate ground for departure from the guidelines sentence. Id.
We find that the Thompson decision correctly applies the rule in concluding that penetration, which does not cause ascertainable physical injury, does not result in victim injury as contemplated by the rule for which victim-injury points may be assessed. The Thompson decision also correctly points out that, while points for a victim's physical injury may not be included in the scoresheet for intercourse which does not cause physical injury when a defendant is charged with this type of offense, the mental or psychic trauma to the *933 victim may be cited as a reason for departure from the guidelines. 483 So.2d at 2. Of course, any specifically identified physical injury or trauma that occurs as a result of the episode may be scored as victim injury. In view of this decision, we find that the form for scoring "Category 2" sexual offenses contained in Florida Rule of Criminal Procedure 3.988(b) needs to be modified to make the form consistent with Florida Rule of Criminal Procedure 3.701(d)(7) and this opinion.
Accordingly, we approve Thompson, quash Karchesky, and direct that this cause be remanded to the trial court for resentencing in accordance with the principles expressed in this opinion.
It is so ordered.
BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
SHAW, C.J., dissents with an opinion, in which McDONALD, J., concurs.
SHAW, Chief Justice, dissenting.
The majority believes that the assessment of victim-injury points for sexual offenses is controlled by the committee note to Florida Rule of Criminal Procedure 3.701(d)(7) (1985), which provides that scorable "[v]ictim injury ... is limited to physical trauma." Sexual penetration standing alone, the majority reasons, does not entail actual physical trauma and is thus unscorable: "[P]enetration, which does not cause ascertainable physical injury, does not result in victim injury as contemplated by the rule for which victim-injury points may be assessed." Maj. op. at 932. I disagree.
The separate scoresheet forms for eight of the nine general categories of offenses under the guidelines provide that after the score is totaled for primary, additional, and prior offenses, extra points for "Victim Injury (physical)" are to be assessed on a sliding scale according to the degree of injury: "None," "Slight," "Moderate," and "Death or severe." Fla.R.Crim.P. 3.988(a), (c)-(i). The greater the injury, the greater the number of points. The majority interprets the term "physical trauma" in the committee note as requiring "ascertainable physical injury" for the assessment of victim-injury points. This makes sense when applied to eight of the nine categories because unascertainable physical injury associated with most crimes is unsubstantial.
"Category 2" offenses, however, by their nature differ from all others and the scoresheet form reflects this. "Category 2" sexual offenses include those offenses defined in chapters 794 (sexual battery), 800 (lewdness and indecent exposure), and 826.04 (incest), Florida Statutes (1985). Fla. R.Crim.P. 3.988(b). While some of these crimes, such as sexual battery, require victim contact, others, such as lewdness in the presence of a child, do not. All these offenses, nevertheless, are scored using the same general "Category 2" scoresheet form, which is embodied in rule 3.988(b). Unlike the scoresheet forms for the other eight categories, this form provides that extra points for "Victim Injury (physical)" are to be assessed as follows:

 No Contact 0
 Contact but no penetration 20
 Penetration or slight injury 40
 Death or serious injury 85

The obvious purpose of the victim-injury points here is to distinguish between those crimes wherein the victim suffers sexual contact from those wherein no contact occurs.
It appears to me that the Florida Sentencing Guidelines Commission (Commission) chose to require assessment of victim-injury points for mere contact or penetration (in addition to slight injury, serious injury, and death) in "Category 2" offenses because both sexual contact and penetration as a rule involve some degree of physical impact in the form of physical discomfort or pain, even where no demonstrable physical injury occurs. Crimes involving these acts, such as sexual battery, warrant harsher treatment through the addition of extra scoresheet points than noncontact sex crimes, such as lewdness. To score mere contact or penetration crimes the same as noncontact sex crimes, as the majority would do, violates basic principles underlying the guidelines. See Fla. R.Crim.P. 3.701(b)(3) ("The penalty imposed *934 should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense.").[2]
In my opinion, the "Category 2" scoresheet form, and Florida Rule of Criminal Procedure 3.701(d)(7), as well as the committee note to the rule are essentially consistent and should be left unchanged. The term "physical trauma" in the committee note should be read to include sexual contact and penetration (as well as slight injury, serious injury, and death) in "Category 2" offenses, as the Commission intended and explicitly provided for in rule 3.988(b). These provisions make eminent good sense and, given their plain meaning, provide clear guidance. By directing the Commission to modify the clear and unambiguous language of rule 3.988(b)  which has been approved by the legislature  in order to accommodate the majority's conflicting reading of the term "physical trauma" in the committee note  which has been approved by neither the legislature nor this Court  the majority is in effect requiring a slight and imperfect tail to wag a large, healthy dog.
In the present case, the defendant was convicted of violating section 794.05, Florida Statutes (1985), which proscribes having "unlawful carnal intercourse" with an unmarried person under eighteen years of age. Penetration is obviously an element of this crime and was expressly alleged. The trial court properly assessed victim-injury points for penetration.
McDONALD, J., concurs.
NOTES
[1] The rule was amended again in 1990 to read as follows:

Victim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in such injury whether there are one or more victims.
Florida Rules of Criminal Procedure, 576 So.2d 1307, 1310 (Fla. 1991). This was a clarifying amendment and has no effect on the issue in this case.
[2] By refusing to differentiate between mere contact or penetration crimes and noncontact sex crimes, the majority opinion can yield illogical results. Under the majority's ruling, a first-time offender who commits three counts of lewdness in the presence of a twelve-year-old, a noncontact second-degree felony, in violation of section 800.04, Florida Statutes (1989), can be sentenced to a maximum term of four and one-half years' incarceration, whereas if the same defendant commits three counts of the far more serious crime of forcible sexual battery involving penetration with an object, also a second-degree felony, on that child in violation of section 794.011(5), Florida Statutes (1989), he can be sentenced to no greater term, absent separate "ascertainable physical injury." I note that if victim-injury points were to be assessed for mere penetration on the sexual battery offenses  which the scoresheet explicitly requires but which the majority ruling proscribes  the defendant could be sentenced to a more reasonable maximum term of seventeen years' imprisonment on those crimes.