605 So.2d 959 (1992)
Jesse Rogers BEASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02495.
District Court of Appeal of Florida, Second District.
September 30, 1992.
Rehearing Denied October 15, 1992.
*960 BY ORDER OF THE COURT:
Upon consideration of the appellant's motion for rehearing filed on July 31, 1992, it is
ORDERED that the motion for rehearing is granted. The opinion filed on July 22, 1992, is withdrawn, and the attached opinion is substituted for it.
PER CURIAM.
Jesse Beasley appeals the summary denial of his motion to correct sentence. We reverse.
The motion is based on Karchesky v. State, 591 So.2d 930 (Fla. 1992). Having negotiated a plea to numerous sex offenses, Beasley is serving a split sentence of thirty years in prison, followed by ten years probation. The recommended sentence under sentencing guidelines was life in prison. However, that recommendation stems in part from the improper addition of scoresheet points for "victim injury." Deletion of these points, Beasley asserts, would result in a recommended sentence of no more than seventeen years.
Our recent opinion in Morris, et al. v. State, 605 So.2d 511 (Fla. 2d DCA 1992) [17 F.L.W. D2091], is controlling. There, we concluded that the Karchesky problem involves the sort of "scoresheet error" that may be raised via Florida Rule of Criminal Procedure 3.800(a). In the present case Beasley has made a prima facie showing of his entitlement to resentencing using a corrected scoresheet.
This does not necessarily mean that the trial court must reduce Beasley's sentence after remand. First of all, our opinion in Morris requires the trial court to determine whether actual victim injury, rather than mere "contact," occurred, and to score such injury as warranted. Second, Beasley may not have been prejudiced by the incorrect scoresheet. When entering his plea Beasley agreed to the specific length of the sentence. Although the plea form states "this is a below guidelines plea," it is not clear that downward departure was an essential component of the agreement. Cf. Johnson v. State, 523 So.2d 755 (Fla. 2d DCA 1988). Rather, this notation more likely was intended only to explain why the trial court was not bound by the guideline recommendation. Certain of the charges initially were filed as capital felonies, then reduced when Beasley agreed to plead. This quid pro quo on the part of the state would justify even an upward departure. Orsi v. State, 515 So.2d 268 (Fla. 2d DCA 1987). Had the state known that the guidelines called for only 17 years (assuming Beasley's calculations are correct), it is debatable whether a "below guidelines" plea would have been offered. Accordingly, after remand the trial court may also consider the question whether Beasley is estopped from raising the Karchesky issue.
Reversed.
HALL, A.C.J., and PARKER and ALTENBERND, JJ., concur.