627 So.2d 107 (1993)
William Lee WALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02252.
District Court of Appeal of Florida, Second District.
November 24, 1993.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Walls seeks review of the sentence imposed pursuant to a negotiated plea arguing that it violates Karchesky v. State, 591 So.2d 930 (Fla. 1992) in that the scoresheet reflects victim injury points. Although Walls is correct that Karchesky applies, we affirm because the error has not prejudiced Walls. See Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992).
The state charged Walls with two counts of a lewd act in the presence of a child (counts I & III) and one count of a lewd act on a child (count II). Walls pleaded no contest to counts I and III, and the state nolle prossed count II. Walls negotiated a plea whereby he would receive two years' community control followed by eight years' probation. Neither the plea agreement nor the record supports that the sentence was to be in accordance with the guidelines. At sentencing, Walls objected to the addition of victim injury points citing Karchesky; however, the court stated that it did not think that Karchesky applied.
The defense counsel agreed to proceed with the plea and sentencing but stated that he would file a motion to correct the scoresheet. Instead, he filed a notice of appeal. It is clear from the record that defense counsel was concerned with preserving the scoresheet error in the event that Walls violated probation and the trial court used the same scoresheet when it sentenced Walls upon revocation of probation. See Morris; see also Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA 1993).
The record supports the fact that Walls received the specific sentence that he negotiated as a condition of the plea. Although a guidelines scoresheet was prepared, it did not coincide with the actual sentence imposed; therefore, Walls was not prejudiced by the scoresheet error. However, in the event that Walls violates probation, we deem the scoresheet error preserved because the error cannot be used to lengthen his sentence. See Morris, 605 So.2d at 514.
Affirmed.
PARKER, A.C.J., and BLUE, J., and LUTEN, CLAIRE K., Associate Judge, concur.