637 So.2d 268 (1994)
George William MASTER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2641.
District Court of Appeal of Florida, First District.
April 19, 1994.
Rehearing Denied June 27, 1994.
George William Master, pro se.
Robert A. Butterworth, Atty. Gen., and Joe S. Garwood, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Before us is an appeal from the trial court's order denying Appellant's motion to correct an allegedly illegal sentence. According to the order, Appellant was initially charged with capital sexual battery; however, he later pleaded guilty to three counts of custodial familial sexual battery in exchange for a sentence of 25 years' incarceration. He now argues that his sentence is illegal due to the scoring of victim injury points in a manner contrary to the supreme court's ruling in Karchesky v. State, 591 So.2d 930 (Fla. 1992). He asserts that without the erroneous scoring of 120 points for victim injury, his score would place him into a recommended range of 9-12 years' incarceration. While he concedes that a valid plea bargain provides a sufficient basis for departure, he maintains that it will not support an illegal sentence.
*269 In denying the motion, the trial court implicitly recognized that there indeed may be a Karchesky issue when it ruled that Appellant was estopped from raising such issue in light of the fact that his sentence was negotiated.[1] In so ruling, the trial court expressly relied on the charging documents, the written plea agreement, and the judgment in which the reason for departure was specified as being the negotiated sentence. However, none of these documents was attached to the final order.
Recently, in Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993), we decided a similar issue. Significant to our decision was the fact that the written plea agreement did not reflect that the plea was conditioned on the sentence's being within the guidelines. Thus, we held that the defendant's sentence, imposed in accordance with a valid plea agreement, was not rendered illegal "due to the circumstance that because of a [Karchesky] scoresheet error, it exceeded the actual guidelines range." Id.
In the instant case, the trial court's reasoning is consistent with Boerstler, but it failed to attach the pertinent information to its order. Therefore, we must reverse and remand for the trial court to attach the pertinent documents to support its order or to conduct an evidentiary hearing.
REVERSED and REMANDED for further proceedings.
ZEHMER, C.J., and KAHN and BENTON, JJ., concur.
NOTES
[1] The trial court relied for this ruling on the decisions in Beasley v. State, 605 So.2d 959 (Fla. 2d DCA 1992), and Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992). See also Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993).