647 So.2d 974 (1994)
Ronald SPRING, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2738.
District Court of Appeal of Florida, First District.
December 8, 1994.
*975 Ronald Spring, pro se.
Robert A. Butterworth, Atty. Gen., and Joe S. Garwood, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant Ronald Spring pled nolo contendere to numerous offenses of armed sexual battery, armed burglary, armed kidnapping, and attempted first-degree arson, and was sentenced to 80 years' incarceration to be followed by 15 years' probation. Spring filed a 3.800(a) motion to correct an illegal sentence, alleging that victim injury points were improperly assessed against him under Karchesky v. State, 591 So.2d 930 (Fla. 1992). The trial court summarily denied Spring's motion by order dated July 2, 1992, and this appeal followed.
In Karchesky, the Florida Supreme Court held that "penetration, which does not cause ascertainable physical injury, does not result in victim injury as contemplated by the rule for which victim injury points may be assessed." Id. at 932. Significantly, however, Karchesky involved a defendant who was tried and convicted of the sexual crimes charged. Thus, Karchesky does not directly apply to or control cases in which a defendant pleads guilty or nolo contendere to sexual offenses and agrees to the assessment of victim injury points or to a fixed sentence based on assessed victim injury points. See Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993) (affirming denial of 3.800(a) motion alleging Karchesky error where the defendant had agreed to a 19-year sentence and his plea agreement did not reflect that his plea was conditioned on the 19 years being within the sentencing guidelines: "Thus the sentence, imposed in accordance with a valid plea agreement, is not rendered illegal due to the circumstance that, because of a scoresheet error, it exceeded the actual guidelines range."); Perryman v. State, 608 So.2d 528 (Fla. 1st DCA 1992) (affirming direct appeal alleging Karchesky error where the defendant did not raise scoresheet objection, advised the court that the computation was correct, and expressly agreed to the assessment of points for victim injury; under such circumstances, issue not preserved for appellate review), rev. denied, 621 So.2d 432 (Fla. 1993). In such cases, the defendant, by his plea, renders proof relating to victim injury points unnecessary, and the defendant may not subsequently challenge the assessment of these points by direct appeal or collateral attack. However, if a pleading defendant only agrees to a guideline sentence (as opposed to agreeing to the assessment of victim injury points or to a fixed sentence based on assessed victim injury points), he may be entitled to challenge the assessment of victim injury points. See, e.g., Harper v. State, 632 So.2d 104 (Fla. 1st DCA 1994); Scott v. State, 638 So.2d 616 (Fla. 4th DCA 1994).
In short, this appeal turns on whether Spring agreed to the assessment of victim injury points. Because the record is not revealing in this regard, we must REVERSE and REMAND for further proceedings.
BOOTH, ALLEN and BENTON, JJ., concur.