COBB, Judge.
Gregory Bennett appeals the summary denial of his motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). After entering nolo contende-re pleas, Bennett was sentenced on June 4, 1992 to 20 years incarceration for attempted sexual battery, and received a total of 20 years probation to follow for three other counts of attempted sexual battery and two counts of a lewd act upon a child. Bennett, who committed his offenses before Karche-sky v. State, 591 So.2d 930 (Fla.1992) was superseded by statute,[1] claims that victim injury points were erroneously assessed on his guideline scoresheet. Bennett’s score-sheet contains a handwritten notation that the victim injury points were for mere con *1278 tact, not physical injury or trauma. The subtraction of these points would reduce the recommended and permitted ranges. The trial court denied relief stating that Bennett agreed in his plea to a specific term of years, thus rendering any seoresheet error harmless.
Bennett’s guideline seoresheet reflected a recommended range of 17-22 years incarceration, and a permitted range of 12-27 years. The written plea shows that Bennett agreed to the prosecutor’s recommendation of 20 years incarceration followed by 20 years probation. However, the written plea also contained a provision that Bennett would be sentenced under the guidelines, and would have the right to appeal a sentence which exceeded the guidelines.
Nowhere in the written plea did Bennett stipulate that the prepared seoresheet was correct or agree to a departure sentence. Because the proposed split sentence in the plea agreement was only a recommendation, and was presumed to be within the guidelines, Bennett did not waive all sentencing guideline issues in entering his pleas. The order denying relief is reversed, and the case is remanded for the trial court to determine whether Bennett’s victim injury points were properly assessed. See Harper v. State, 632 So.2d 104 (Fla. 1st DCA 1994); McGowan v. State, 586 So.2d 1311 (Fla. 5th DCA 1991).
REVERSED AND REMANDED.
W. SHARP and GOSHORN, JJ., concur.

. See Ch. 92-135, § 1, Laws of Fla.; § 921.001(8), Fla.Stat. (1992 Supp.).