GERSTEN, Judge.
Appellant, Robert Paul Boyd, appeals an order denying his motion to correct an illegal sentence. We vacate appellant’s sentence and remand for resentencing, based upon Karchesky v. State, 591 So.2d 930 (Fla.1992).
In Karchesky, a defendant was tried and convicted of three counts of unlawful carnal intercourse with a person under the age of eighteen. At trial there was no evidence of physical injury or trauma to the victim. However, the trial court assessed victim injury points for all three counts based on penetration during intercourse. Karchesky held that points for victim injury may not be assessed for penetration without ascertainable physical injury, and consequently remanded the case to the trial court for resen-tencing. Karchesky, 591 So.2d at 931.
Here, appellant was charged with ten counts of lewd and lascivious acts upon a child in violation of section 800.04, Florida Statutes (1987), and signed a negotiated plea agreement with the State in December 1988. The agreement provided that the defendant would plead guilty to three of the ten counts, and receive a guidelines sentence with a twenty-five year prison cap, and a cap of ten years probation to follow incarceration. The plea agreement further provided that the court could depart from the guidelines sentence based upon clear and convincing reasons.
The trial court sentenced the defendant to fifteen years incarceration on count I, ten years incarceration consecutive on count III, followed by ten years probation on count VII. The sentencing guidelines scoresheet contained points for victim injury. Consequently, the recommended guidelines range was twenty-two to twenty-seven years. Without the victim injury points, the appellant’s recommended guidelines sentence is twelve to seventeen years.
Appellant asserts that the trial court erred under Karchesky by including points for victim injury, and thus he should be resen-tenced within the correctly calculated guidelines scoresheet. The State contends that the appellant’s plea agreement constitutes a clear and convincing reason for the departure sentence, and thus the order denying correction of sentence should be affirmed.
As a threshold consideration, we note that a Karchesky issue may be raised in a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a), in any case where the scoresheet used was fundamentally flawed. See Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1992); McGowan v. State, 586 So.2d 1311 (Fla. 5th DCA 1991); Yates v. State, 556 So.2d 501 (Fla. 1st DCA 1990). The scoresheet used in the present ease improperly assessed victim injury points where there was no evidence of physical injury or trauma to the victim. The scoresheet was fundamentally flawed because it contained a readily ascertainable computational error, and thus the defendant’s challenge is cognizable under rale 3.800(a). See Harper v. State, 632 So.2d 104 (Fla. 1st DCA 1994); Boland v. State, 613 So.2d 72 (Fla. 4th DCA), review denied, 624 So.2d 268 (Fla.1993).
We next turn to the State’s contention that the sentence is not rendered illegal due to the scoresheet error, because it was imposed in accordance with a valid plea agreement. The State correctly asserts that a plea bargain may serve as a clear and convincing reason for a departure sentence, when the departure reason was accepted as *1117 an integral part of the bargain itself. Quarterman v. State, 527 So.2d 1380 (Fla.1988); Holland v. State, 508 So.2d 5 (Fla.1987); Bell v. State, 453 So.2d 478 (Fla. 2d DCA 1984); Key v. State, 452 So.2d 1147 (Fla. 5th DCA), review denied, 459 So.2d 1041 (Fla.1984).
However, appellant’s plea agreement was premised upon the condition that he would receive a correctly calculated guidelines sentence. Thus, this plea agreement does not constitute a valid reason for departure, because its terms specifically prohibit the imposition of a departure sentence absent valid reasons for departure. See Harper v. State, 632 So.2d at 104. Cf. Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993) (sentence not rendered illegal because of scoresheet error where plea agreement “does not reflect that the plea was conditioned on [sentence] being within the sentencing guidelines”).
Accordingly, because the plea agreement was conditioned on the sentence being within the guidelines, a legal sentence was not imposed due to the scoresheet error, and the cause must be reversed and remanded for further proceedings.
Reversed and remanded for rehearing and resentencing.