668 So.2d 656 (1996)
Michael D. TERRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04850.
District Court of Appeal of Florida, Second District.
February 21, 1996.
*657 PER CURIAM.
Michael Terrell challenges the denial of his motion filed to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). After the entry of an unconditional plea to violation of community control, the court imposed a ten-year sentence which represented a downward departure from the guideline recommendation. In his motion Terrell contests the scoresheet calculations and asserts that the sentence in fact is an upward departure. His allegations directed at scoresheet errors have not been refuted; accordingly we reverse.
In this sexual abuse case forty points were assessed for victim injury. The offense predated the effective date of section 921.001(8), Florida Statutes (Supp.1992), and points for victim injury would have been permissible only if imposed for physical injury. Karchesky v. State, 591 So.2d 930 (Fla. 1992). We remand to the trial court to excise those points unless the record establishes that they were included to reflect actual physical injury.
Primary offense points on the scoresheet are calculated at 338, whereas the total for four counts of first degree felonies in category two should equal 302 points.
If only the primary offense total is changed, the recommended sentence is altered by one cell. If the Karchesky points are determined to have been misapplied as well, the recommended sentence is changed by two cells. In either event, taking into consideration the one cell increase permitted because of the violation of community control, the incarcerative portion of Terrell's sentence, ten years, is not a downward departure. (Nor is it, as he alleges, an upward departure.)
If a sentence correction brought about by guideline errors results in a lower cell, reconsideration of the sentence is required even if, after the reduction, the prisoner's sentence lies in the permitted range when it originally was in the recommended range. Sprankle v. State, 662 So.2d 736 (Fla. 2d DCA 1995). Here the court believed it was entering a downward departure, while in fact the sentence imposed lies within either the recommended or permitted range, depending upon whether one or both of the apparent scoresheet errors is corrected.
Unless victim injury points can be imposed consistent with the dictates of Karchesky, 591 So.2d 930, the trial court is directed to delete them from Terrell's scoresheet, and the primary offense points (recorded as 336) should be corrected to reflect 302 points. Terrell is then entitled to be resentenced as the error or errors made cannot be considered harmless when they result in a different sentencing cell. Burrows v. State, 649 So.2d 902 (Fla. 1st DCA 1995).
Upon resentencing, the trial court is not, of course, obligated to impose a sentence beneath the permitted range. Very probably the decision to depart downward was based at least in part upon the sentencing cell the scoresheet reflected, and, as that will now change, so might the trial court's conclusion that a departure sentence is warranted.
If he appeals, Terrell must seek appellate review of a subsequent order of the trial court within thirty days of its rendition.
Reversed and remanded with directions consistent with this opinion.
DANAHY, A.C.J., and SCHOONOVER and BLUE, JJ., concur.