DANAHY, Judge.
The appellant brings this appeal from a sentence of five years’ imprisonment for the offense underlying a probation which the trial court found was violated. The public defender has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no meritorious grounds exist to support the appeal. Our independent review of the record reveals that points were improperly added to the appellant’s sentencing guidelines scoresheet. Accordingly, we reverse and remand for re-sentencing.
On February 8,1990, the appellant pleaded guilty to one count of committing a lewd act upon a child and received a sentence of five years’ probation in accordance with the plea agreement.
On June 3,1994, the state filed an affidavit alleging that the appellant had violated his probation by committing another offense. That offense took place in another county and points for that offense were not considered for purposes of the sentence imposed on violation of probation. The trial court simply used the appellant’s 1990 scoresheet with a one cell bump-up, which permitted a sentence up to five and one-half years’ incarceration. The trial court imposed a sentence of five years’ incarceration with credit for time served.
On the 1990 sentencing guidelines score-sheet, forty points were added under victim injury for “moderate or penetration.” Without those forty points, the only points on the scoresheet were 158 points for the one charge to which the appellant had pleaded guilty. Those points would place the appellant in one lower cell originally and one lower bump-up cell. The lower bump-up cell permitted a maximum of three and one-half years’ incarceration.
Under Karchesky v. State, 591 So.2d 930 (Fla.1992), victim injury points may not be scored for contact or penetration only. There must be some evidentiary basis for concluding that the victim suffered physical injury or trauma as a result of the appellant’s offense.
We gave the appellant and the state an opportunity to address the question whether under Karchesky the forty points were improperly added to the appellant’s 1990 sentencing guidelines scoresheet under victim injury for “moderate or penetration.” The appellant responded by asserting that there was no evidence at the time of his 1990 plea and sentencing that the victim suffered any physical injury or trauma. The state’s re *455 sponse agreed with that representation.[1] Accordingly, we conclude that Karchesky requires the exclusion of forty points for victim injury on the appellant’s 1990 sentencing guidelines scoresheet.
We reverse and remand to the trial court for resentencing pursuant to a newly prepared 1990 guidelines scoresheet showing no points for victim injury with respect to the appellant’s 1990 offense.
Reversed and remanded for resentencing.
RYDER, A.C.J., and LAZZARA, J., concur.

. The state did not raise the question whether the Karchesky issue was preserved for appellate review; hence we do not address that question.