PER CURIAM.
The appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse for the trial court to resentence the appellant using a correctly calculated scoresheet.
On February 27, 1996, the appellant entered a plea of guilty to conspiracy to introduce contraband into prison (count one), and two counts of solicitation to introduce contraband into prison (counts two and three) in exchange for a sentence within the guidelines. The appellant was sentenced to 60 months’ imprisonment on count one, to run consecutively to the sentences he was then serving, and 51 months’ imprisonment each on counts two and three, to run concurrently to each other but consecutively to the 60 month sentence imposed for count one. Thus, the appellant’s total sentence was 111 months’ imprisonment, which was the maximum sentence under the guidelines.
The appellant asserts that his sentence is illegal because the guidelines scoresheet was incorrectly calculated. Specifically, he asserts that his primary offense (conspiracy to introduce contra *398 band) was incorrectly scored as a level-four offense instead of a level-one offense. We agree. While the introduction of marijuana is a second-degree felony, conspiracy to introduce contraband is a third-degree felony. See §§ 944.47(2) & 777.04(4)(d), Fla. Stat. (1995) (providing that engaging in a conspiracy to commit a second-degree felony constitutes a third-degree felony). Additionally, the crime of introducing contraband into a correctional facility is not listed in section 921.0012. A third-degree felony that is not listed in section 921.0012 is scored as a level-one offénse. See § 921.0013(1), Fla. Stat. (1995). Thus, the appellant’s primary offense of conspiracy to introduce marijuana into a correctional facility should have been scored as a level-one offense. Likewise, the appellant’s two additional offenses of solicitation to introduce marijuana should have been scored as level-one offenses, rather than level-two offenses.
The state concedes that the appellant’s scoresheet was miscalculated, but argues that any scoresheet error was harmless because the trial court could sentence the appellant to 60 months’ imprisonment for count one under a correctly calculated scoresheet. However, under section 921.0014(3), the scoresheet must include “all the defendant’s offenses pending before the court for sentencing.” The appellant’s total sentence for all three counts must be within the guidelines range. See Fla. R.Crim. P. 3.702(19) (“The sentencing court shall impose or suspend sentence for each separate count, as convicted. The .total sentence shall be within the guidelines senten.ce unless a departure is ordered.” (emphasis added)). The score-sheet error cannot be considered harmless because the maximum sentence under the appellant’s correctly calculated guidelines scoresheet is less than the sentence he is currently serving (111 months), see Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001) (holding that a defendant is entitled ' to be resentenced when a scoresheet error results in a sentence that could not have been imposed under a correctly calculated scoresheet), and the plea agreement called for a sentence within the guidelines. Cf. Corp v. State, 698 So.2d 1349 (Fla. 1st DCA 1997) (“if appellant entered a plea agreement for the specific sentences imposed, without any conditional promises that such sentences be within the guidelines, then he would not be entitled to relief, as any scoresheet error would be harmless for purposes of rule 3.800(a)”); Master v. State, 637 So.2d 268 (Fla. 1st DCA 1994) (departure due to improper scoring not illegal when plea was not conditioned on receiving guidelines sentence); Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993) (holding that a sentence is not rendered illegal because of scoresheet error where plea agreement “does not reflect that the plea was conditioned on [the sentence] being within the sentencing guidelines.”). Accordingly, we REVERSE and REMAND to the circuit court with directions to resentence the appellant pursuant to a correctly calculated scoresheet.
BROWNING, C.J., KAHN and ROBERTS, JJ., concur.