784 So.2d 1139 (2001)
James PANTLE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4720.
District Court of Appeal of Florida, Second District.
February 21, 2001.
PATTERSON, Chief Judge.
James Pantle appeals from the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). His motion alleged that he should be resentenced under the 1994 guidelines because he was sentenced under the 1995 guidelines which the Florida Supreme Court held to be unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). We reverse and remand for resentencing.
On June 23, 1997, Pantle pleaded guilty in case number 96-20055 to home-invasion robbery, a first-degree felony, in violation of section 812.135, Florida Statutes (1995), and in case number 97-04681 to possession of a controlled substance, a third-degree felony, in violation of section 893.13, Florida Statutes (1995). The trial court imposed consecutive sentences of five years in prison, suspended, with five years on probation. The offense date for the home-invasion robbery was October 5, 1996. On September 11, 1998, the trial court found that Pantle had violated his probation, revoked his probation, and sentenced him to five years in prison.
Pantle contends that he is entitled to resentencing because his five-year sentence would be an upward departure under the 1994 guidelines. He claims that under the 1994 guidelines, the primary offense of home-invasion robbery should be scored at 42 points (level 7) rather than 74 points (level 8). The trial court entered an order to show cause, and the State responded that the home-invasion robbery was a level 8 offense under both the 1994 and 1995 guidelines. The State provided a 1994 scoresheet showing a sentencing range of 41.2 months to 68.7 months. The State also noted that Pantle's prior juvenile convictions had been erroneously omitted on the 1995 guidelines, and with that prior record added on his 1994 scoresheet, the sentencing range would be from 50.8 to 84.7 months. On this basis, the trial court denied Pantle's rule 3.800(a) motion. The only exhibit to the trial court's order is the 1994 scoresheet the State had prepared. If level 7 is the proper offense level for the home-invasion robbery, then Pantle's sentence range (counting the prior juvenile record) would be from 26.85 months to 44.75 months. Thus, Pantle's sentence of 60 months would be an upward departure.
Although the record is sparse in this case, it appears that Pantle is entitled to resentencing. In the unconstitutional chapter 95-184, Laws of Florida, the legislature *1140 amended the offense severity ranking chart to add home-invasion robbery, a first-degree felony under section 812.135, as a level 8 offense. See Ch. 95-184, § 6, at 1691, Laws of Fla. Prior to the amendment, home-invasion robbery was not listed on the chart. See § 921.0012, Fla. Stat. (Supp 1994). To find the offense level, one must consult section 921.0013, Florida Statutes (1993), which provides that if an offense is not listed on the chart, and it is a first-degree felony, it is a level 7 offense. Thus, a conviction for home-invasion robbery as a first-degree felony must be scored as a level 7 offense under the 1994 guidelines.
However, there is some indication in the record that Pantle's offense was home-invasion robbery with a weapon or firearm. His judgment states only home-invasion robbery and lists the offense as a first-degree felony, but under statute number the judgment lists "812.135/775.087." Section 775.087 is an enhancement statute for use of a weapon or firearm and would result in a life felony rather than a first-degree felony which, in turn, would result in a level 10 offense rather than a level 7 offense under section 921.0013, Florida Statutes (1993). Because the State and the trial court appear to base their determination on the fact that Pantle was convicted of a first-degree felony, which is stated on the judgment, it seems that the enhancement statute was noted in error or possibly it was part of his plea agreement not to apply the enhancement.
Based on the record before this court, we must reverse and remand for resentencing. On remand, the trial court must determine whether Pantle's conviction was for home-invasion robbery as a first-degree felony, a level 7 offense under the 1994 guidelines, or home-invasion robbery with a weapon or firearm, a level 10 offense under the 1994 guidelines. Then, the trial court must resentence Pantle pursuant to the 1994 guidelines.
Reversed and remanded.
BLUE and FULMER, JJ., Concur.