880 So.2d 1261 (2004)
Toney MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4293.
District Court of Appeal of Florida, Second District.
September 1, 2004.
*1262 CANADY, Judge.
Toney Mitchell appeals the summary denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence based on a scoresheet error. We reverse and remand.
Mitchell was convicted of possession of a firearm by a convicted felon and second-degree murder. He was subsequently sentenced to 304.2 months in prison for his second-degree murder conviction, with a three-year minimum mandatory for use of a firearm. The sentence of 304.2 months was the maximum guidelines sentence based on the scoresheet used by the sentencing court. Mitchell also received a concurrent sentence of 180 months in prison on his conviction for possession of a firearm by a convicted felon. Mitchell challenges his second-degree murder sentence on the ground that his scoresheet improperly included sentence points for the possession of a firearm.
Mitchell's scoresheet included eighteen points for the possession of a firearm during the commission of the murder offense. Section 921.0014(1), Florida Statutes (1995), and Florida Rule of Criminal Procedure 3.702(d)(12) prohibit the addition of points for possession of a firearm where the conviction is for an enumerated felony under section 775.087(2), Florida Statutes (1995). See Kelly v. State, 796 So.2d 578 (Fla. 2d DCA 2001). Murder is an enumerated felony under section 775.087(2)(a). The inclusion on Mitchell's scoresheet of eighteen points for possession of a firearm was therefore erroneous. Since Mitchell was given the maximum guidelines sentence, the scoresheet error resulted in the imposition of a sentence that could not have been imposedabsent a departure under a correct scoresheet.
The postconviction trial court, in rejecting Mitchell's claim, observed that an objection to the scoresheet error had been "raised and denied" in the sentencing proceeding. The postconviction court cited Moore v. State, 768 So.2d 1140 (Fla. 1st DCA 2000), in support of the principle that issues that were or could have been raised on direct appeal are "not cognizable on collateral attack." The Moore court specifically acknowledged, however, that "a claim that the sentence is illegal can be asserted at any time in a proceeding under rule 3.800(a) even if it could have been raised earlier." 768 So.2d at 1143.
Accordingly, we reverse and remand for the trial court to resentence Mitchell under a corrected scoresheet. See Kelly, 796 So.2d 578.
Reversed and remanded.
NORTHCUTT and COVINGTON, JJ., Concur.