998 So.2d 1213 (2009)
Kevin BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3671.
District Court of Appeal of Florida, Fourth District.
January 28, 2009.
Kevin Bradley, Indiantown, pro se.
Bill McCollum, Attorney General, Tallahassee, and August Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Kevin Bradley appeals the denial of a rule 3.800(a) motion to correct an illegal sentence. Because his sentence for four offenses was calculated on a single Criminal Punishment Code scoresheet when the primary offense occurred prior to the enactment of the CPC, the scoresheet was in error, and it adversely affected the length of his sentence. The state concedes error, and we reverse.
On October 14, 2004, Bradley entered a plea in four cases (98-10196, 99-11406, 99-17622, and XX-XXXXXX) and was sentenced to concurrent terms of 5.9 years in prison, the lowest permissible sentence on his CPC scoresheet. The record reflects that this was not a negotiated sentence. The offense in XX-XXXXXX was possession of cocaine, a third degree felony punishable by a maximum of five years in prison unless the CPC score exceeded the statutory maximum. § 921.0024(2), Fla. Stat. (2004).
*1214 In his rule 3.800(a) motion, Bradley argued that the scoresheet was improperly calculated. The offense of burglary of a dwelling in the 1998 case (98-10196) was committed on April 22, 1998 before the effective date of the CPC and should not have constituted the primary offense on a CPC scoresheet. He asked the court to resentence him to the lowest permissible sentence based on a corrected scoresheet. In its response below, the state argued that the offenses were properly scored. The trial court denied Bradley's motion.
Bradley is correct that the burglary offense, which was committed April 22, 1998, should not have been listed as the primary offense on his CPC scoresheet. The CPC applies only to offenses committed on or after October 1, 1998. § 921.002, Fla. Stat. Separate scoresheets should have been prepared for the offenses committed before and after the effective date of the CPC. Section 921.002(2), Florida Statutes, provides:
When a defendant is before the court for sentencing for more than one felony and the felonies were committed under more than one version or revision of the former sentencing guidelines or the code, each felony shall be sentenced under the guidelines or the code in effect at the time the particular felony was committed....
See also Fla. R.Crim. P. 3.704(d)(3); Dillard v. State, 728 So.2d 725 (Fla.1999) (recognizing that pending offenses committed under different versions of the sentencing guidelines require separate scoresheets).
In this case, the 1998 burglary should have been scored as a primary offense on a separate guidelines scoresheet, and it appears that the attempted strong arm robbery in 99-17622 should have been listed as the primary offense on the CPC scoresheet.
Accordingly, we reverse and remand for the trial court to resentence appellant with corrected scoresheets.
Reversed and remanded for resentencing.
GROSS, C.J., WARNER and DAMOORGIAN, JJ., concur.