17 So.3d 307 (2009)
Alex THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-3537.
District Court of Appeal of Florida, Fourth District.
April 15, 2009.
Alex Thompson, Miami, pro se.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Alex Thompson appeals the summary denial of his motion to correct illegal sentence, filed pursuant to rule 3.800(a). The trial court denied the motion without explanation or attachment of any records which conclusively refute the claims. We reverse the order on appeal and remand for further proceedings. See Ellison v. State, 973 So.2d 663 (Fla. 4th DCA 2008); Taylor v. State, 972 So.2d 890 (Fla. 4th DCA 2007).
Reversed.
GROSS, C.J., and MAY, J., concur.
WARNER, J., concurs specially with opinion.
WARNER, J., concurring specially.
I concur because a long string of cases has held that a trial court must explain its order of denial of a rule 3.800(a) motion and attach those portions of the record that conclusively refute the claims of illegal sentence. Neither rule 3.800(a) nor Florida Rule of Appellate Procedure 9.141 contain a requirement to attach portions of the record, as does rule 3.850(d), from which this requirement is borrowed. Rule 3.800(a) should be amended to include this requirement if the courts are going to continue mandating attachments even in the absence of a rule. At the very least, *308 the supreme court should recognize the insufficiency of the paltry record on appeal required pursuant to rule 9.141(b)(2)(A), a record which does not even include the original sentencing documents which are the subject of any motion to correct an illegal sentence.
Substantial time and expense are wasted in the courts because the rules of postconviction relief are incomplete and antiquated. Although the trial and appellate courts have called for postconviction relief reform for years, no changes have resulted. The postconviction relief process occupies substantial time of the judges and staff of both the trial and appellate courts. Changes to make the process more efficient must be made.