DAVIS, Judge.
 

 In a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), James C. Hoag alleged that numerous errors appearing on his 1994 guidelines scoresheet resulted in an illegal sentence. We reverse the postconviction court’s or
 
 *908
 
 der summarily denying Mr. Hoag’s motion to the extent that it denied relief on his claim that the severity level of an additional offense was incorrectly scored. The order is affirmed in all other respects without comment.
 

 Mr. Hoag was convicted of second-degree murder and attempted second-degree murder and was sentenced to concurrent terms of 28.1 years and fifteen years, respectively. On his 1994 guidelines scoresheet for the primary offense of second-degree murder, the offense of attempted second-degree murder was listed as an additional offense and scored as a level 9 offense for 10.8 points. However, under the applicable statutes and rules and as apparent on the face of the scoresheet, the offense of attempted second-degree murder should have been scored as a level 8 offense for 9.6 points.
 
 See
 
 §§ 777.04(1), 782.04(2), 921.0012(3)©, Fla. Stat. (1995); Fla. R.Crim. P. 3.702(c) & (d)(6), 3.990;
 
 see also Hoag v. State,
 
 801 So.2d 207 (Fla. 2d DCA 2001). As a result, 1.2 points were erroneously added to Mr. Hoag’s score-sheet total.
 

 As originally scored, Mr. Hoag’s total sentencing points equaled 298, resulting in a recommended state prison sentence of 270 months, with a permissible sentencing range between 202.5 and 337.5 months. For the primary offense of second-degree murder, Mr. Hoag was sentenced to the maximum 337.5 months or 28.1 years. Had the additional offense of attempted second-degree murder been scored correctly, Mr. Hoag’s total sentencing points would have been 296.8, with a maximum permissible sentence of 336 months or twenty-eight years. Thus Mr. Hoag’s sentence for second-degree murder exceeded the maximum permissible sentence by 0.1 years.
 

 Errors in offense-level scoring are cognizable in a rule 3.800(a) motion.
 
 See Herrmann v. State,
 
 768 So.2d 511 (Fla. 2d DCA 2000). However, “if the trial court could have imposed the same sentence using a correct scoresheet, any error was harmless.”
 
 Brooks v. State,
 
 969 So.2d 238, 243 (Fla.2007). When a defendant is sentenced to the maximum guidelines sentence, a scoresheet error that improperly adds sentencing points to the total requires resentencing using a corrected scoresheet.
 
 See Mitchell v. State,
 
 880 So.2d 1261, 1262 (Fla. 2d DCA 2004) (“[T]he scoresheet error resulted in the imposition of a sentence that could not have been imposed — absent a departure-under a correct scoresheet.... Accordingly, we reverse and remand for the trial court to resentence Mitchell under a corrected scoresheet.”);
 
 see also Pantle v. State,
 
 784 So.2d 1139 (Fla. 2d DCA 2001).
 

 In this case, the scoresheet error was not harmless because the trial court could not have imposed a 28.1-year sentence using a correct scoresheet reflecting a maximum guidelines sentence of twenty-eight years.
 
 [1]
 
 Accordingly, Mr. Hoag is entitled to be resentenced using a corrected scoresheet scoring the additional offense of attempted second-degree murder as a level 8 offense.
 

 Affirmed in part, reversed in part, and remanded.
 

 ALTENBERND and CASANUEVA, JJ., Concur.
 

 [1]
 

 . The record before us does not indicate that the trial court made any findings that would justify a departure.