PER CURIAM.
 

 Gregory Joseph appeals the trial court’s order on his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). On consideration of Joseph’s motion, we reverse the trial court’s denial of the motion and remand this case for further proceedings to either enter a new order attaching documents that conclusively refute Joseph’s claim or to otherwise grant appropriate relief.
 

 Joseph claims that when he was resen-tenced on January 12, 2001, the scoresheet which was prepared and filed at that time stated his sentence as 26.8 years, and this was in excess of the maximum under the scoresheet, which had a maximum of 268 months. After spending twelve years in prison, he discovered that the Florida Department of Corrections registered his sentence as a twenty-six year sentence. He subsequently filed a motion to correct this error with the trial court. The trial court denied the motion as insufficient on September 15, 2008, and appended the order only with the 2001 scoresheet and written sentence.
 

 Under this Court’s decision in
 
 Langdon v. State,
 
 947 So.2d 460 (Fla. 3d DCA 2006), to deny a motion under Florida Rule of Criminal Procedure 3.800(a), appropriate records must be attached to refute appellant’s factual allegations. In this case, the trial court did not append the transcript of the sentencing hearing from January 12, 2001, and that transcript is not in the court file. The transcript of the resentencing might contain an explanation justifying the sentence of 26.8 years, or might show that the sentence imposed of 26.8 years was an inadvertent error.
 

 Because the record now before us fails to conclusively refute Joseph’s claim, we reverse the order and remand for further proceedings. The trial court must either enter a new order attaching documents, such as the transcript of the resentencing, which conclusively refutes Joseph’s claim, or must otherwise grant the appropriate relief.
 

 Reversed and remanded.