STEVENSON, J.
 

 In this appeal, Ramon Perez challenges the trial court’s “dismissal” of his postcon-viction claim that his scoresheet erroneously included “severe” victim injury points for one of the victims of his crimes despite an agreement that the victim injury points for both victims would be scored as “moderate.” We agree that the trial court erred in failing to consider the merits of Perez’s claim and reverse the order appealed.
 

 Perez was convicted for the 1998 offenses of attempted first degree murder (count I), aggravated battery with a firearm (count II), and improper exhibition of a firearm (count III). These convictions were affirmed on appeal.
 
 Perez v. State,
 
 816 So.2d 642 (Fla. 4th DCA 2002). In 2003, following postconviction proceedings, Perez was resentenced to 16.875 years for counts I and II and to time served for count III. In 2007, Perez filed a petition for writ of habeas corpus, raising a number of challenges to his sentence. In its response, the State argued that Perez’s petition was properly treated as a rule 3.800(a) motion, as the time for the filing of a 3.850 motion had long passed, and that
 
 *442
 
 Perez was entitled to no relief. The trial court denied Perez’s petition for the reasons cited in the State’s response.
 

 At the time the trial court signed the order of denial, it was unaware that Perez had filed a “reply” to the State’s response. In that “reply,” among other things, Perez asserted for the first time that all the parties had agreed to score the victim injury points for both victims as “moderate,” that page sixty-seven of the sentencing transcript would support his claim of such agreement, that the scoresheet used at the April 2003 resentencing had assessed “moderate” victim injury points for one victim and “severe” victim injury points for the other, and that the error in scoring the injury to one of the victims as “severe” had resulted in the erroneous inclusion of an additional twenty-two points on his scoresheet. The trial court entered an order “dismissing” Perez’s reply, finding that even if the “reply” were treated as a motion for rehearing, such reply simply re-argued the claims. Perez has appealed, challenging only the trial court’s “dismissal” of his claim regarding the victim injury points.
 

 The erroneous assessment of victim injury points is a cognizable claim under rule 3.800(a), provided the error is apparent from the face of the record.
 
 See, e.g., Chapman v. State,
 
 885 So.2d 475, 476 (Fla. 5th DCA 2004). There is no prohibition to the filing of successive rule 3.800(a) motions so long as the merits of the issue presented have not previously been addressed, and no time limit on the filing of rule 3.800(a) motions exists.
 
 See
 
 Fla. R.Crim. P. 3.800(a) (providing for the filing of such motion at “any time”);
 
 State v. McBride,
 
 848 So.2d 287, 291 (Fla.2003) (recognizing successive motions may be filed, but defendant may not raise the same issue multiple times). Thus, while Perez did not raise the issue concerning the assessment of victim injury points until the filing of his “reply,” the trial court nonetheless should have ruled on the merits of the claim, as it had not been raised in petitions before the court and nothing in the record before the court demonstrated that Perez had previously raised the claim in some other filing.
 

 Further, we cannot agree with the State’s suggestion that Perez’s claim is necessarily without merit. The scoresheet utilized at the April 2003 resentencing and the April 2003 sentencing order are among the documents attached to the petition and response. When Perez was resentenced in April 2003, the scoresheet included fifty-eight victim injury points. With the assessment of these fifty-eight points, Perez’s recommended sentence was 184 prison months. Absent written reasons for departure, his minimum permissible sentence was 121.5 months and his maximum sentence 202.5 months (16.875 years).
 
 See
 
 §§ 921.0014, 921.0016, Fla. Stat. (1997). The trial court imposed the 16.875-year maximum guidelines sentence.
 

 When considering a defendant’s entitlement to relief for a scoresheet error raised in a 3.800(a) motion, the “could have been” standard applies, i.e., “if the trial court could have imposed the same sentence using a correct scoresheet, [then] any error [i]s harmless” and the defendant is entitled to no relief.
 
 Brooks v. State,
 
 969 So.2d 238, 243 (Fla.2007). Here, had “moderate” victim injury points been assessed for both victims, Perez’s recommended sentence would have been 140 months. And, absent a departure, his minimum permissible sentence would have been 105 months and his maximum permissible sentence 175 months (14.583 years). Thus, the 16.875 years actually imposed by the trial court could not have been imposed by the trial court under the corrected scoresheet unless the trial court imposed an upward departure sentence with the accompanying written reasons.
 
 *443
 
 Under such circumstances, if established, the alleged scoresheet error requires correction and resentencing.
 
 See Hoag v. State,
 
 12 So.3d 907, 908 (Fla. 2d DCA 2009) (reversing denial of 3.800(a) motion and noting that “[w]hen a defendant is sentenced to the maximum guidelines sentence, a scoresheet error that improperly adds sentencing points to the total requires resentencing using a corrected scoresheet”).
 

 Accordingly, we reverse the order dismissing Perez’s claim alleging error in the assessment of “severe” victim injury points for one of the victims and remand the case to the trial court for consideration of the merits of the claim. If the court finds the claim is properly denied, it must attach to the order of denial those record portions conclusively refuting the claim.
 
 See Joseph v. State,
 
 13 So.3d 540, 541 (Fla. 3d DCA 2009);
 
 Thompson v. State,
 
 17 So.3d 307, 308 (Fla. 4th DCA 2009).
 

 Reversed and Remanded.
 

 GERBER, J., and BROWN, LUCY CHERNOW, Associate Judge, concur.