DAVIS, Judge.
Luis Gautreaux challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Gautreaux pleaded open to six counts of an information. In the motion, which was filed by counsel, he alleged that three of the six counts were scored incorrectly on a Criminal Punishment Code (CPC) scoresheet when they should have been scored on a 1995 sentencing guidelines scoresheet and that thus he is entitled to be resentenced on those three counts using corrected scoresheets.[1] This claim is cognizable in a rule 3.800(a) motion. See Bradley v. State, 998 So.2d 1213, 1214 (Fla. 4th DCA 2009). We conclude that Gautreaux is entitled to be resentenced on two of the counts.
In count two of the information, Gau-treaux was charged with racketeering pursuant to section 895.03(3), Florida Statutes (1997). In count three, he was charged with conspiracy to commit racketeering pursuant to section 895.03(4), and in count four, he was charged with conspiracy to traffic in more than twenty-eight grams but less than thirty kilograms of heroin pursuant to section 893.135(l)(c)(l)(c), Florida Statutes (1997).
Following Gautreaux’s open plea, the trial court relied on a single CPC scoresheet prepared by the State that reflected a lowest permissible sentence of 260.25 months’ prison. The trial court sentenced Gautreaux to concurrent twenty-five-year prison sentences on all three of these counts and imposed a twenty-five-year minimum mandatory sentence on only count four.
The beginning date of the offenses in counts two, three, and four was September 1, 1998 — prior to October 1, 1998, the effective date of the CPC. See § 921.002, Fla. Stat. (2001); Bradley, 998 So.2d at 1214. Because felonies with continuing dates of enterprise must be sentenced under the sentencing guidelines in effect on the beginning date of the criminal activity, § 921.001(4)(b)(3); Bigbee v. State, 848 So.2d 1286, 1287 n. 1 (Fla. 2d DCA 2003), 1995 guidelines scoresheets should have been used for these offenses, see *1014 § 921.002(2); see also Bradley, 998 So.2d at 1214.
In considering Gautreaux’s rule 3.800(a) motion, the postconviction court recognized that the wrong scoresheet was prepared for these counts and found that the maximum overall sentence for counts two through four under the 1995 sentencing guidelines is 13.44 years’ prison. But the court nevertheless denied Gautreaux’s motion, concluding that he was not entitled to relief because the twenty-five-year prison sentences imposed on all six counts were within the statutory máximums for the offenses in question.
The test for determining whether a defendant is entitled to relief based on a scoresheet error that is raised in a rule 3.800(a) motion is whether the same sentence could have been imposed using a corrected scoresheet. Brooks v. State, 969 So.2d 238, 243 (Fla.2007). In Hoag v. State, 12 So.3d 907 (Fla. 2d DCA 2009), this court reviewed the denial of Hoag’s rule 3.800(a) motion wherein he claimed error in his 1994 sentencing guidelines scoresheet. This court, citing Brooks, reversed and remanded for resentencing under a corrected scoresheet because Hoag’s sentence could not have been imposed absent a departure. Hoag, 12 So.3d at 908; see also Mitchell v. State, 880 So.2d 1261, 1262 (Fla. 2d DCA 2004); Perez v. State, 20 So.3d 440, 442-43 (Fla. 4th DCA 2009); Goings v. State, 990 So.2d 1228, 1228 (Fla. 1st DCA 2008).
In the instant case, the twenty-five-year prison sentences on counts two and three could not have been imposed absent a departure utilizing a 1995 sentencing guidelines scoresheet and Gautreaux therefore is entitled to be resentenced. See Bradley, 998 So.2d at 1214 (reversing the denial of Bradley’s rule 3.800(a) motion and remanding for resentencing under separate scoresheets where an offense that was committed prior to the effective date of the CPC was listed as the primary offense on the CPC scoresheet). Gau-treaux is not entitled to be resentenced on count four because of the twenty-five-year minimum mandatory term imposed on that count. Accordingly, we reverse the post-conviction court’s denial only as it relates to counts two and three and remand for resentencing on those counts. As previously noted, Gautreaux’s remaining offenses were properly sentenced using a CPC scoresheet. The sentences received on those offenses do not exceed the statutory máximums and are not impacted by this opinion.
Reversed and remanded.
LaROSE, J., Concurs.
ALTENBERND, J., Concurs with opinion.

. The remaining three counts were properly scored on a CPC scoresheet based on the dates of offense.