PER CURIAM.
Pursuant to the State’s concession, we reverse the order denying the defendant’s Rule 3.800(a) motion and remand the case to the trial court. See Thompson v. State, 17 So.3d 307 (Fla. 4th DCA 2009). The trial court explained that appellant’s claim that his sexual predator designation was illegal was without merit, but failed to attach records showing that defendant did in fact agree to the designation as part of his plea bargain.
The defendant argued that he lacked the required prior conviction. The court concluded that the designation was legal because the defendant was convicted of a first-degree felony that is enumerated in the statute, and a prior conviction was not necessary. § 775.21(4)(a)la, Fla. Stat. (2003). While this conclusion, if factually accurate, appears correct, the trial court did not attach any records supporting its conclusion. We are constrained by the caselaw to reverse.
On remand, the court may attach the records refuting the claim. The defendant is cautioned that sanctions may be imposed if he initiates a frivolous appeal. See State v. Spencer, 751 So.2d 47 (Fla.1999); § 944.279(1), Fla. Stat. (2012); § 944.28(2)(a), Fla. Stat. (2012).

Reversed and remanded.

MAY, C.J., WARNER and POLEN, JJ., concur.