DAVIS, Judge.
Herman Speights challenges an order denying his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). Speights was convicted of three counts of sexual battery with force and one count of aggravated assault based on events that took place on December 3, 1984. Because Speights’ sentences for the three counts of sexual battery were illegal since they were based on an incorrect guidelines scoresheet, we reverse the denial of his motion to correct illegal sentence, vacate the sentences for the sexual battery convictions, and remand for resen-tencing on those counts.
Speights was originally sentenced, based on a 1983 sentencing guidelines scoresheet, to life imprisonment on each count of sexual battery and to ten years’ prison for the aggravated assault; all counts were to run consecutively. This court reversed that sentence, see Speights v. State, 495 So.2d 882 (Fla. 2d DCA 1986), and on January 13, 1987, the trial court resentenced Speights to three concurrent life sentences for the sexual batteries.[1]
Those sentences were based on Speights’ revised guidelines scoresheet, which was a Category Two scoresheet for sexual offenses. See Fla. R. Crim. P. 3.988(b). The Category Two scoresheet allows additional points to be scored for victim injury — -with the number of points determined by the seriousness of the injury. Speights’ revised scoresheet provided for forty points to be scored for “Penetration or slight injury.” The trial court marked “3 X” and added 120 points. *672 These additional points increased Speights’ total score from 510 to 630. The maximum guidelines sentence for a score of 510 points is twenty-seven years; however, the guidelines sentence for any score higher than 583 points is a life sentence.
Speights’ sole argument in his rule 3.800(a) motion was that he was improperly assessed victim injury points on his scoresheet based on case law interpreting the guidelines in effect at the time. The three counts of sexual battery with force for which Speights was convicted stemmed from three acts of penetration that occurred during one criminal episode and involved one victim. However, Speights argued that under the then-existing case law, penetration alone was not a sufficient basis upon which to score victim injury points. He therefore maintained that the trial court erred in scoring 120 points based on three acts of penetration. The postconviction court denied the motion, concluding that Speights had misconstrued the case law. Speights now appeals that denial.
As Speights correctly pointed out in his motion, in Karcheslcy v. State, 591 So.2d 930, 932 (Fla.1992), the Florida Supreme Court held that victim injury points for penetration may not be scored when the penetration itself does not cause “ascertainable physical injury.” See also Fulkroad v. State, 640 So.2d 1160 (Fla. 2d DCA 1994).[2] If the only bases for scoring the victim injury points were the three acts of penetration, Speights is correct that the scoresheet is erroneous.
Although the postconviction court did not identify any portion of the record demonstrating a specific injury, the postconviction court concluded that Karcheslcy allows for the scoring of victim injury points for physical injury and not just an injury that related to penetration. The court therefore ruled that based on portions of the trial transcript in which the victim testified that Speights punched and choked her, the 120 points should be retained.
The statement in Karcheslcy that “any specifically identified physical injury or trauma that occurs as a result of the episode may be scored as victim injury,” 591 So.2d at 933, would initially appear to support the postconviction court’s result. The trial transcript includes testimony of the victim describing three different acts of trauma inflicted by Speights that were separated spatially and temporally. Specifically, she testified (1) that while she was still standing Speights punched her in the face; (2) that after she fell to the ground, he dragged her by the hair; and (3) that while she was on the ground, he choked her with his arm around her neck to the point that she could not breathe. This testimony appears to describe “specifically identified physical injury or trauma ... occurring] as a result of the episode.” See id.
Nevertheless, our analysis must also include the procedural rule in effect at the time of Speights’ offense, which provided that victim injury is to be scored “if it is an element of any offenses at conviction.” See Fla. R. Crim. P. 3.701(d)(7) (1984 Rev.) (emphasis added); see also Fla. Rules of Criminal Procedure re Sentencing Guidelines (rules 3.701 & 3.988), 509 So.2d 1088, 1089 (Fla.1987) (“The present guidelines *673 score physical victim injury if that injury, is an essential element of the crime for which the defendant is convicted.”).[3]
If victim injury is a required element of the form of sexual battery for which Speights was convicted, each instance of injury would be properly assessed on the scoresheet as victim injury.[4] Speights was convicted of three counts of sexual battery with great force, defined in pertinent part as “sexual battery upon a person [twelve] years of age or older, without that person’s consent, and in the process thereof ... us[ing] actual physical force likely to cause serious personal injury.” § 794.011(3), Fla. Stat. (1984). Although injury is incorporated into the definition of the offense, the phrasing of the statute requires the prosecution to prove only that a certain level of force was used but not that actual injury occurred; that the force is “likely” to cause serious personal injury does not necessarily mean that the force caused an actual injury.
In Parker v. State, 478 So.2d 823, 825 (Fla. 2d DCA 1985) (en banc), “[t]he [SJtate argue[d] that physical contact and/or injury is an element of robbery under rule 3.701(d)(7) if the charging document alleges that the robbery was accomplished by ‘force’ or ‘violence,’ and the physical contact and/or injury was used to show the taking was by force or violence.” This court disagreed and held that “[p]hysical contact or victim injury may accompany or be incidental to force or violence, but neither is necessarily a part of the proof of force or violence.” Id. Accordingly, we concluded “that victim injury points should not be scored under the guidelines for the crime of robbery.” Id.; cf. Mincey v. State, 468 So.2d 473, 474 (Fla. 4th DCA 1985) (holding that for victim injury points to be scored, there must be record evidence of injury, not merely evidence that the victim was “slugged or kicked”).
Because victim injury points cannot be scored for penetration without penetration-related injury under the law in effect at the time of Speights’ offenses, and because points cannot be scored for ordinary injury given that such injury is not an essential element of any of the offenses of conviction, the 120 points must be deleted from the “Penetration or slight injury” line of Speights’ scoresheet and Speights must be resentenced.[5] See Hoag v. State, 12 So.3d 907, 908 (Fla. 2d DCA 2009) (“When a defendant is sentenced to the maximum guidelines sentence, a scoresheet error that improperly adds sentencing points to *674 the total requires resentencing using a corrected scoresheet.”).[6]
We do note that in certain circumstances victim injury may be cited as the basis for an upward departure from the guidelines. See Thompson v. State, 483 So.2d 1, 2 (Fla. 2d DCA 1985) (“While points for victim injury may not be included on the score-sheet, physical or mental trauma of the victim may be cited as a reason for departure from the guidelines.”); Parker, 478 So.2d at 825 (‘When victim injury is not an element of a crime at conviction, it may be used as a reason to depart from the guidelines.”). However, such circumstances do not exist here because Speights’ jury did not make a finding of victim injury.
In State v. Fleming, 61 So.3d 399, 408 (Fla.2011), the Florida Supreme Court held that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), “apply to all de novo resentencings that were not final when Apprendi and Blakely issued regardless of when the conviction or original sentence was final.” Apprendi requires that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury[ ] and proved beyond a reasonable doubt.” 530 U.S. at 490, 120 S.Ct. 2348. Refining Apprendi, Blakely held “that the ‘statutory maximum’ for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” 542 U.S. at 303, 124 S.Ct. 2531. And Blakely, along with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), requires that under a guidelines sentencing scheme, the relevant maximum sentence pursuant to Apprendi is the upper end of the guidelines range, not the statutory maximum. See Johnson v. State, 18 So.3d 623, 625 (Fla. 1st DCA 2009) (“[Ajppellant was sentenced pursuant to the sentencing guidelines, not the Criminal Punishment Code. Thus, as Blakely makes clear, the statutory maximum would be the maximum guidelines sentence appellant could receive without the court imposing an upward departure.”), review granted, 84 So.3d 1032 (Fla.2012); see also Behl v. State, 898 So.2d 217, 221 (Fla. 2d DCA 2005) (“Blakely and Booker thus hold that under a guidelines sentencing scheme which restricts judicial discretion in imposing sentences, the factors used to calculate the maximum guidelines sentence to which a defendant is exposed must be based either on (1) findings made by the jury, (2) facts admitted by the defendant, or (3) the defendant’s prior convictions.”).
Here, as reflected in the verdict forms, the jury did not find victim injury but only that Speights was guilty as charged in the information, which mirrored the “force likely to cause serious personal injury” language of the sexual battery statute. The resentencing court will therefore not be able to rely on the original jury’s verdict to support a departure sentence based on injury.[7]
*675 In conclusion, we vacate Speights’ sentence and remand for resentencing in accordance with this opinion. Speights shall be present for resentencing, see, e.g., Horne v. State, 6 So.3d 99, 102 (Fla. 2d DCA 2009), and shall be provided with public counsel if he qualifies.
Sentence vacated; remanded for resen-tencing.
NORTHCUTT and WALLACE, JJ., Concur.

. Speights also received a concurrent five-year sentence for the aggravated assault count. As he has completed this sentence, it is not at issue in this opinion.

. The legislature thereafter amended the governing statute to require the scoring of victim injury points for mere penetration. See ch. 92-135, § 1 at 1089, Laws of Fla.; § 921.001(8), Fla. Stat. (Supp. 1992); see also Harrelson v. State, 616 So.2d 128, 129 (Fla. 2d DCA 1993) (noting that statutory amendment "effectively overruled the Karchesky decision”). Nevertheless, the sentencing laws in effect at the time of Speights’ offenses must be applied. See Fulkroad, 640 So.2d at 1161.

. We do not rely on Morris v. State, 605 So.2d 511, 512 (Fla. 2d DCA 1992), where, in addressing a similar Karchesky argument, the court replaced the penetration scoring scheme with a four-tier injury-scoring scheme consistent with the other scoresheets from rule 3.988. Moms was addressing a 1991 version of the respective Florida Statutes and rule 3.701(d)(7) had been modified to eliminate the "element” requirement by that time. See Fla. Rules of Criminal Procedure re Sentencing Guidelines (Rides 3.701 & 3.988), 576 So.2d 1307, 1310 (Fla.1991).

. We note that victim injury is not a required element of the aggravated assault count that was also scored as an additional offense on the scoresheet. See Whitfield v. State, 471 So.2d 633, 634 (Fla. 1st DCA 1985) ("[Vjictim injuiy ... is not a necessary element of aggravated assault.”).

.On remand, the court must total the point values correctly. The current individual point values add up to 630 points, but for reasons we cannot ascertain from the record, the total is shown as 601 points. Our preliminary calculation of the scoresheet with the 120 points deleted totals 510 points, resulting in a sentence of twenty-five years with a recommended range of twenty-two to twenty-seven years. See Fla. R. Crim. P. 3.988(b), Category Two. Assuming this score, it would appear that even if the court sentences Speights at the upper end of the sentencing range, his sentence will have been completed.

. It does not appear to us that the sentencing court in 1987 "could have imposed” the life sentences. See Brooks v. State, 969 So.2d 238, 243 (Fla.2007) (”[I]f the trial court could have imposed the same sentence using a correct scoresheet, any error was harmless.’’); see also Mitchell v. State, 880 So.2d 1261, 1262 (Fla. 2d DCA 2004).

. Because the issue is not before this court, we offer no opinion regarding whether the sentencing court may empanel a jury on remand to address the sentence-related factual findings necessary under Apprendi. See Hughes v. State, 901 So.2d 837, 845 (Fla.2005) ("[Ejvery enhancement factor that was determined by a judge ... will either have to *675 be stricken completely ... or a jury will have to be empaneled to decide those factors.” (internal quotation marks omitted)); see also Galindez v. State, 955 So.2d 517, 525 (Fla.2007) (Cantero, J., specially concurring).