NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DAVID WEEKS,                              )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D16-5526
                                         )
STATE OF FLORIDA,                        )
                                         )
            Appellee.                    )
_____  )

Opinion filed February 23, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Highlands County; Anthony L. Ritenour,
Judge.

Andrea Norgard and Graylin Corey
Chastang, of Norgard, Norgard &
Chastang, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Laurie Benoit-Knox,
Assistant Attorney General, Tampa, for
Appellee.


MORRIS, Judge.

            David Weeks appeals the order denying his amended motion for

postconviction relief filed under Florida Rule of Criminal Procedure 3.800(a).  Because

the very limited, twenty-three-page postconviction record does not conclusively refute

Mr. Weeks' claim that his sentences of life imprisonment are illegal, we reverse and remand for the postconviction court to reconsider the motion.

**Procedural History**

In 1988, Mr. Weeks entered negotiated pleas in three different cases. In exchange for his pleas, the trial court sentenced him to concurrent terms of forty years' imprisonment for kidnapping and sexual battery with great force in case number CF86-304; concurrent terms of forty years' and fifteen years' imprisonment for burglary of a residence with an assault and attempted sexual battery in case number CF86-305; and concurrent terms of life probation for burglary of a dwelling with an assault and while armed and sexual battery with a deadly weapon in case number CF86-244. The sentences in case numbers CF86-304 and CF86-305 ran concurrently, and the sentences in case number 86CF-244 ran consecutively to the sentences in case numbers CF86-304 and CF86-305.

Mr. Weeks asserted in his motion that in October 2007, he admitted to violating his probation. At the sentencing following the violation of probation hearing, the prosecutor advised the trial court that the guidelines scoresheet prepared for the November 2, 1988, sentencing erroneously assessed 145 points for victim injury, assessing a total score of 663. The prosecutor stated that the original scoresheet was incorrect and that the victim injury points should be reduced from 145 to 85, reducing the total score to 603. The trial court accepted the lower score and sentenced Mr. Weeks to concurrent terms of life imprisonment.

Mr. Weeks further asserted that his guidelines scoresheet improperly assessed 85 victim injury points for death or serious injury pursuant to this court's

decision in <u>Speights v. State</u>, 102 So. 3d 671 (Fla. 2d DCA 2012), because serious injury or death are not essential elements of the crimes of which he was convicted. Absent the erroneous addition of the 85 points, Mr. Weeks asserted that the scoresheet would reflect a score of 518 points, resulting in a sentencing range of twenty-two to twenty-seven years' imprisonment. Even with a one-cell bump that was permitted without written reasons under Florida Rule of Criminal Procedure 3.701(d)(14) because he violated his probation, Mr. Weeks asserted the maximum sentence that the trial court could have imposed was forty years.

The postconviction court rejected Mr. Weeks' contention that the 85 points were improperly assessed. It further found that even assuming that the scoresheet improperly assessed 85 points so that the appropriate score was 518 points, the trial court was permitted to sentence Mr. Weeks to the next higher cell under rule 3.701(d)(14) without requiring a reason for departure based on his violation of probation, which would have placed Mr. Weeks in a permitted sentencing range of twenty-two years to life. It concluded that because the trial court could have imposed a life sentence absent the error, the error did not render Mr. Weeks' sentence illegal.

**Analysis**

The State appropriately concedes that the postconviction court erred by ruling that 85 victim injury points were properly assessed. In <u>Speights</u>, this court held that Mr. Speights was improperly assessed victim injury points because the 1984 version of rule 3.701(d)(7) stated that victim injury is to be scored "if it is an element of any offenses at conviction" and "the phrasing of the [sexual battery with great force] statute requires the prosecution to prove only that a certain level of force was used but

not that actual injury occurred" and not that the force caused an actual injury. 102 So. 3d at 672-73 (emphasis in first quotation omitted). The crimes to which Mr. Weeks pleaded did not require the State to prove injury, so under Speights, the victim injury points were improperly assessed.[1]

The State also appropriately concedes that the postconviction court erred by finding that even if the scoresheet erroneously assessed points for serious injury, the trial court was permitted to impose a life sentence because Mr. Weeks violated his probation. Mr. Weeks committed his offenses in 1986, and the 1986 version of rule 3.988 confirms Mr. Weeks' assertion that 518 points would place him in a cell that recommends a sentence of twenty-two to twenty-seven years; the next cell permits a sentence of twenty-seven to forty years. The postconviction court appears to have relied on a later version of rule 3.988, which would reflect that the permitted range of the next cell is twenty-two years to life. However, that version is not applicable to crimes that occurred in 1986. See Jones v. State, 615 So. 2d 705, 706 (Fla. 2d DCA 1992) (holding that rule revision that was adopted in 1988 did not apply to offenses that took place in 1986). Rule 3.701(d)(14) gave the sentencing court discretion to impose a sentence in the next higher cell without requiring a reason for departure, and Mr. Weeks admits in his postconviction motion that he violated his probation on one occasion. The postconviction record reflects that the trial court could impose a sentence in the range of

_____

[1]Rule 3.701(d)(7) was amended after the date of Mr. Weeks' offenses to require assessment of points for "each victim physically injured during a criminal episode or transaction." Fla. Rules of Criminal Procedure re Sentencing Guidelines (rules 3.701 & 3.988), 509 So. 2d 1088, 1089 (Fla. 1987). In adopting the amendment, the supreme court noted: "The present guidelines score physical victim injury if that injury is an essential element of the crime for which the defendant is convicted. They exclude nonphysical injury and physical injury if the injury is not an element of the crime." Id.

twenty-seven to forty years, but it does not show that the trial court could lawfully impose a life sentence.

Because the postconviction record does not conclusively refute Mr. Weeks' claim that his sentences of life imprisonment are illegal, we are required to reverse the postconviction court's order. See Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").  We remand for the postconviction court to reconsider Mr. Weeks' motion.  If upon reconsideration, the postconviction court finds that Mr. Weeks' life sentences are illegal, he is entitled to be resentenced.  See Parks v. State, 223 So. 3d 380, 383 (Fla. 2d DCA 2017) (en banc) ("[A] sentence that exceeds the statutory maximum may not be imposed even pursuant to a negotiated plea agreement, and it may be challenged at any time under rule 3.800(a).").

SILBERMAN and BADALAMENTI, JJ., Concur.