DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHANCY MALLORY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1222

[July 10, 2019]

Appeal of order denying rule 3.800(a) motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 14-6917CF10A.

Chancy Mallory, Bristol, pro se.

No appearance required for appellee.

PER CURIAM.

Chancy Mallory appeals an order dismissing his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm but write to clarify the procedural differences between dismissing successive rule 3.800(a) and rule 3.850 motions.

Mallory argues that his mandatory minimum twenty-year prison sentence for attempted second-degree murder is illegal because section 775.087, Florida Statutes, the 10-20-Life statute, does not apply to attempted second-degree murder. His argument is without merit. *See Hatten v. State*, 203 So. 3d 142 (Fla. 2016).

Mallory has raised the same argument in prior motions. The trial court properly denied the first motion on the merits. The trial court dismissed the subsequent motions, including the motion at issue, as successive under Florida Rule of Criminal Procedure 3.850(h). Although dismissal was proper, the trial court should have dismissed the motion under rule 3.800(a)(2).

Rule 3.850(h)(2) permits a trial court to dismiss a successive postconviction motion under rule 3.850 in the following circumstances:

> (2) A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion. When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court's ruling shall accompany the order denying the motion.

In contrast, rule 3.800(a)(2) permits dismissal of a successive motion to correct illegal sentence if it "fails to allege new or different grounds for relief and the prior determination was on the merits." Fla. R. Crim. P. 3.800(a)(2). "There is no prohibition to the filing of successive rule 3.800(a) motions so long as the merits of the issue presented have not previously been addressed . . . ." *Perez v. State,* 20 So. 3d 440, 442 (Fla. 4th DCA 2009); *see also State v. McBride*, 848 So. 2d 287, 290 (Fla. 2003) (footnote omitted) ("Although *res judicata* may not apply to motions filed under rule 3.800, the similar, but more narrow, doctrine of collateral estoppel, or issue preclusion, does apply.").

The trial court correctly dismissed Mallory's successive rule 3.800(a) motion to correct an illegal sentence because it failed to allege new or different grounds for relief, and Mallory's argument had previously been denied on the merits. This was a dismissal based on rule 3.800(a) and not rule 3.850(h)(2).

*Affirmed.*

WARNER, MAY and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2