# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**EDWARD BABBS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-3667

[June 17, 2026]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Duffy, Judge; L.T. Case No. 062009CF020236A88810.

Edward Babbs, Perry, pro se.

James Uthmeier, Attorney General, Tallahassee, and Paul Patti III, Senior Assistant Attorney General, West Palm Beach, for appellee.

### *ON CONFESSION OF ERROR*

FORST, J.

Appellant Edward Babbs appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion to correct illegal sentence. Upon consideration of the arguments raised in the appeal and in the State's response, we treat Appellant's motion as a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence and reverse and remand as set forth below.[1]

---

[1] When a party files a postconviction motion that demonstrates entitlement to relief under a different rule than its style indicates, "the Florida Supreme Court has determined that the correct approach is to treat the motion as though it were filed under the correct rule." *Aswell v. State*, 310 So. 3d 983, 984 (Fla. 2d DCA 2020) (citing *Steinhorst v. State*, 636 So. 2d 498, 500 (Fla. 1994)); *see also* art. V, § 2(a), Fla. Const. ("[N]o cause shall be dismissed because an improper remedy has been sought.").

## Background

Appellant, who was 17 years old at the time of the offenses, was tried as an adult and found guilty of one count of first-degree murder and one count of first-degree murder of an unborn quick child. He was initially sentenced in 2012 to life imprisonment without parole. This judgment and sentence were appealed to this court.

We initially relinquished jurisdiction to the trial court for Appellant's resentencing as a juvenile offender under section 921.1402, Florida Statutes (2014). Following an evidentiary hearing, the trial court in 2014 resentenced Appellant to two concurrent terms of fifty years with "parole eligibility" after twenty-five years. We affirmed this sentence in *Babbs v. State*, 187 So. 3d 925 (Fla. 4th DCA 2016).

Appellant's instant motion asserts that the 2014 sentence is illegal because it should reflect entitlement to a juvenile offender sentence review hearing after 25 years rather than "parole eligibility."

## Analysis

We first note that Appellant's illegal sentence claim is cognizable at any time under rule 3.800(a). *See* Fla. R. Crim. P. 3.800(a)(1) ("A court may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet, when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief . . . ."). While rule 3.850 allows a trial court to dismiss a second or successive motion if it finds "there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion," rule 3.800 contains no such provision, authorizing dismissal only "if the court finds that the [successive] motion fails to allege new or different grounds for relief and the prior determination was on the merits." *Compare* Fla. R. Crim. P. 3.850(j)(2), *with* Fla. R. Crim. P. 3.800(a)(2); *see also Perez v. State*, 20 So. 3d 440, 442 (Fla. 4th DCA 2009) ("There is no prohibition to the filing of successive rule 3.800(a) motions so long as the merits of the issue presented have not previously been addressed, and no time limit on the filing of rule 3.800(a) motions exists.").

Pursuant to section 921.1402(2)(b), Florida Statutes (2014), Appellant was entitled to a resentencing hearing—including consideration of various factors to determine an appropriate sentence—as well as a written finding of his entitlement to juvenile offender sentence review pursuant to sections 775.082(1)(b) and 775.082(1)(b)(3), Florida Statutes (2014). *See also* Fla. R. Crim. P. 3.802 (providing the procedure for seeking a juvenile offender

2

review hearing); Fla. R. Crim. P. 3.781 (governing sentencing to consider a life sentence for juvenile offenders).

Here, the record demonstrates that the trial court conducted the required resentencing hearing, but erred in failing to include a written finding requiring a juvenile offender review hearing after 25 years, instead erroneously noting eligibility for "parole." Parole had been abolished in Florida at the time of Appellant's initial sentencing.

When a defendant is resentenced under section 921.1402, section 775.082 requires a written finding that the defendant is entitled to juvenile offender sentence review. *See Cook v. State*, 225 So. 3d 268, 269 (Fla. 4th DCA 2017) (holding that a written finding is required by statute); *Lacue v. State*, 270 So. 3d 413, 413 (Fla. 4th DCA 2019) (holding that the trial court should have included language in the resentencing order providing for sentence review after 25 years). The State confesses error on this issue and agrees that we should remand with instructions for the trial court to correct the written sentence.

We agree with the State that this correction is ministerial and does not require Appellant to be present for the resentencing. *Dougherty v. State*, 785 So. 2d 1221, 1223 (Fla. 4th DCA 2001). We therefore reverse and remand for the ministerial correction of Appellant's written sentence.

*Reversed and remanded with instructions.*

LEVINE and SHAW, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**